Rhoda–Ann CLOUTIER

v.

John P. CLOUTIER, Jr.

No. 88–75–Appeal.

Supreme Court of Rhode Island.

Dec. 29, 1989.

Alan T. Dworkin, Dworkin & Brady, Warwick, for plaintiff.

John D. Lynch, Lynch, McKiernan & Costello, Warwick, for defendant.

## OPINION

MURRAY, Justice.

This case is before the court on appeal by the defendant, John P. Cloutier, Jr. (husband) from a property-settlement order of the Family Court that awarded the plaintiff, Rhoda–Ann Cloutier (wife), 80 percent of the equity in the marital domicile and alimony of $225 per week for a four-year period. The husband also claims that the trial justice erred in placing a value on the marital domicile that differed from valuations given by each party's expert witness. We find that although the trial justice did not err in determining a value for the marital domicile, the division of this asset was not appropriate in light of previous decisions of this court. We therefore revise the division of the marital domicile and award the wife 60 percent rather than 80 percent of the equity in the marital domicile.

The Cloutiers were married on April 4, 1964. During most of the twenty-year marriage the wife was a full-time homemaker and provided approximately 95 percent of the homemaker services. She was the primary caretaker for the couple's two children. Both children are now adults. The wife later attended school, obtained an associate's degree, and became a registered nurse. She was employed at the time of the trial at a blood bank as a phlebotomist earning $207 per week. The court found that while the wife was employed she contributed financially to house payments.

The husband became employed outside the home early on in the marriage. He is presently employed as an executive at Digital Corporation earning $669 per week. Over the years his salary increased substantially from $14,000 per year to $65,400

per year. As he changed jobs the family moved from state to state. The couple purchased homes in the states where the husband was employed.

The court found that the couple was able to purchase these homes with the assistance of Ralph Northup, the wife's father. He had admitted at trial that he had given these substantial financial contributions to both the wife and the husband.

On December 30, 1986, the wife filed a complaint for divorce in Kent County Family Court on the grounds of irreconcilable differences. On January 13, 1987, the husband filed a counterclaim for divorce also on the grounds of irreconcilable differences. Both parties sought an assignment of the marital assets.

A hearing was held over several days between November 2 and December 11, 1987. In the end the trial justice divided the liquid assets by awarding approximately 65 percent to the husband and 35 percent to the wife. These liquid assets include bank accounts, stock, an insurance policy, and a pension plan.

The house, which was valued at $230,000 and in both parties' names, was divided by giving 80 percent to the wife and 20 percent to the husband. The court awarded each party the car in his or her possession. The court also awarded the wife alimony of $225 per week for a four-year period in order to enable her to complete school. The wife was not awarded any support for the couple's adult child who still resides with the wife in the family domicile.

■ The first issue, that of the court's valuation of the marital domicile, may be summarily decided. When, as in the present case, two experts submit property appraisals and the justice chooses to average the two appraisals, no error results. As the wife's expert noted, real estate appraising is not an exact science. The trial justice may accept or reject testimony of the wife's expert witness and derive therefrom an independent appraisal. This the trial justice did.

■ The second issue we consider is that of the division of the marital domicile. We note at the outset that this court on review will not disturb the trial justice's ruling unless he or she overlooked or misconceived material evidence or was clearly wrong. *Vanni v. Vanni*, 535 A.2d 1268, 1271 (R.I.1988). In dividing the marital assets, the court must conduct a three-step process. First, the trial justice must determine which of the parties' assets are marital property. Second, the trial justice must consider the factors enumerated in G.L. 1956 (1988 Reenactment) § 15–5–16.1. Third, he or she must distribute the marital property. *Lancellotti v. Lancellotti*, 481 A.2d 7, 10 (R.I.1984).

■ One of two significant facts that the trial justice considered was that the marital domicile could not have been acquired without the financial assistance of the wife's father, Mr. Northup. Although § 15–5–16.1 provides that property acquired by one spouse as a gift is not subject to equitable distribution, the wife's father testified that the gifts had been given to both the husband and the wife. Moreover, this court has stated that property can be converted from nonmarital property into marital property if changed in form and put into joint names. *See Quinn v. Quinn*, 512 A.2d 848, 852 (R.I.1986) (introducing the doctrine of transmutation as presuming property is marital property when in the name of both spouses). The marital home is therefore unquestionably marital property subject to fair and just assignment. *See D'Agostino v. D'Agostino*, 463 A.2d 200, 203 (R.I.1983) (requiring a property division to be fair and just).

Another significant factor that may be considered is the conduct of the parties during the marriage. Section 15–5–16.1. The court stated that "[n]either party did anything that was so terrible that this Court could say that one party was 'at fault' * * * in the breakup of this marriage." The record supports this additional finding of the trial justice.

A review of the evidence, however, clearly shows that the trial justice was wrong in distributing 80 percent of the equity in the marital domicile to the wife. Despite her finding that the wife's father's gifts to the

couple were not given solely to the wife, the trial justice proceeded to divide the home by "reviewing the fact that the plaintiff's father made such substantial contributions in the acquisition of each of the homes that the parties had owned." Some modification is therefore necessary to achieve an equitable distribution of the assets.

■ The facts of this case indicate that only a slight modification of the trial justice's order is necessary. In the case of *Casey v. Casey,* 494 A.2d 80 (R.I.1985), this court stated that a division of marital property need not be equal to be equitable. If the court were to divide the value of the marital domicile equally, this would not result in an equal division of the marital property. The husband's division would instead exceed the wife's in light of the division of the other marital assets. According to the trial justice's order, the wife does not receive 80 percent of the total assets but rather only approximately 65 percent. These figures do not consider the fact that the husband is entitled to keep his automobile (a 1986 Ford Thunderbird) that is estimated, according to the justice's decision, to be worth considerably more than the wife's automobile (a 1984 Subaru). The court also considered the division of property in declining to award the wife counsel fees. We find that equity requires that we consider the value of the husband's car and the value of the husband's liquid assets (which amount to nearly three times that of the wife's liquid assets). After considering these facts, we have determined that a distribution of 60 percent of the marital domicile to the wife and 40 percent to the husband is fair and equitable.

The final issue is that of alimony. According to § 15–5–16, the following factors may be considered in awarding alimony: the length of the marriage, the conduct of the parties during the marriage, the health, age, station, and occupation of each, the amount and source of their income, the vocational skills and employability of the parties, and the liabilities and needs of each of the parties. This court has stated that alimony is designed to provide support for

an ex-spouse based on need. *Fisk v. Fisk,* 477 A.2d 956 (R.I.1984). It should be payable for a limited and definite period and it should be reasonably calculated to allow the recipient to become financially independent. *Stevenson v. Stevenson,* 511 A.2d 961 (R.I.1986).

■ In the instant case the trial justice determined that the income of the husband and the wife differed greatly. The net income of the wife was determined to be $207 per week, which contrasts significantly with the weekly income of the husband, which was determined to be $669. Moreover, it appears that the husband had established himself in a secure job as an executive at Digital Corporation whereas the wife was still pursuing a bachelor's degree. The trial justice was therefore correct in awarding the wife $225 per week for four years in order "specifically [to] allow her to get her bachelor's degree and become employed at a job so that her income will be approximately $20,000 a year." This award of alimony, which is limited to a four-year period, will help the wife to become financially independent and self sustaining.

In conclusion, the defendant's appeal is without merit except in regard to the division of the equity in the marital domicile. Accordingly the judgment is amended to allow the wife to receive 60 percent of the equity in the marital domicile, and the award of alimony is hereby affirmed. The case is remanded to the family court with instructions to amend the judgment to render it consistent with this opinion.