[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case is on remand from an order of the Supreme Court upholding this Court's decree of specific performance and vacating the judgment with regard to payment of interest. This Court has been directed to determine the fair rental value and deduct therefrom the value of any permanent improvements made by the sellers and thereafter reduce the interest due accordingly.
FACTS AND TRAVEL
On May 24, 1990 this Court issued a decision finding that a Purchase and Sale Agreement had been entered into by H. Bruce Basiliere (plaintiff) and Humberto B. and Irene M. Arruda (defendants) for the sale of defendants' residence located at 153 Terrace Avenue, Pawtucket, Rhode Island. This Court also found that defendants failed to vacate said property as called for by the agreement. Therefore, this Court held that the plaintiff was entitled to a decree of specific performance compelling defendants to convey said property upon the tender of the purchase price less the $500 deposit paid by plaintiff. Plaintiff was also ordered to pay interest on the purchase price at a rate of twelve (12)%.
Upon consideration of cross-appeals by the parties, the Supreme Court found that the award of specific performance was justified. However, in order to bring about a more equitable result, the Supreme Court vacated the judgment regarding interest and directed this Court to consider the rental value of the property and the value of any permanent improvements to the property made by the defendants during the pendency of this action.
In accordance with this order, this Court held a hearing on September 21, 1992. Defendant Irene M. Arruda testified as to the improvements and expenditures made by the defendants since signing the Purchase and Sale Agreement in January, 1984. Mrs. Arruda testified that between 1984 and 1992, she and her husband paid the real estate taxes on the property totaling $10,582.52. Mrs. Arruda also testified that in 1986 the radiators in the home were replaced with baseboard heating. According to Mrs. Arruda, Valley Gas Company charged $4,000 for this service. Defendant also stated that the bathroom fixtures, kitchen floor and windows were all replaced in 1986 at a cost of $12,400.[1] Mrs. Arruda was unable to provide receipts for any of these services and testified that all transactions were conducted in cash.
Plaintiff presented evidence in the form of an appraisal by Mr. William E. Coyle Jr. of William E. Coyle, Jr. and Associates, Real Estate Consultants. In assessing the fair rental value of the property, Mr. Coyle compared rental of the single family home to apartment rental of two (2) and three (3) bedroom units. Mr. Coyle did not enter the house in determining the appraisal. Rather, Mr. Coyle based his appraisal on an outside viewing of the property and on his own appraisal files of rentals. Mr. Coyle suggested a fair rental value of $550 per month for a total of $36,826 as a single payment for the accumulated rental.
DISCUSSION
When a decree for specific performance is issued, the vendor is ordinarily entitled to interest on the purchase money as well as reimbursement for any expenditures made that "ordinarily would have been chargeable to the purchaser had the title been conveyed at the proper time." Bissonnette v. Hanton City Realty Corp.,529 A.2d 139, 143 144 (R.I. 1987). The purchaser is allowed credit for the fair rental value of the property. Id. at 143. When determining the fair rental value of the property, a trial justice may consider any offered appraisals and accept or reject such testimony and derive therefrom an independent appraisal.Cloutier v. Cloutier, 567 A.2d 1131, 1132 (R.I. 1989).
In the instant case, plaintiff presented an appraisal of $550 per month. In reaching this figure, the appraiser never inspected the inside of the house. Therefore, this Court rejects plaintiff's appraisal figure of $550 per month and reaches its own independent appraisal. Id. The property in question is a single story white ranch home located at 153 Terrace Avenue, Pawtucket, Rhode Island. The house is situated on five (5) lots which equal approximately 9,000 square feet. According to Mr. Coyle the average rental for the area ranged from $375 to $750 per month between 1984 and the present. Considering all the evidence before it, including pictures of the subject home and the surrounding area, this Court finds that a reasonable and fair rental value of the property is $450 per month. Utilizing Mr. Coyle's formula, this figure would be multiplied by 66.96 to result in accumulated rent of $30,132 for the time period of 1984 to April 15, 1992.
With respect to improvements and expenditures made by defendants, Mrs. Arruda testified to expending a total of $26,982.52. Included in this are permanent improvements totaling $16,400.00 Even though Mrs. Arruda was unable to provide receipts for these expenditures, this Court found elements of Mrs. Arruda's testimony to be credible and based on reasonable expenditures. Therefore, this Court grants the defendants credit for one-third (1/3) of those improvements testified to for a total of $5,466.66. The remaining $10,582.52 of defendants expenditures, according to Mrs. Arruda's testimony, were for real estate taxes on the property between 1984 and 1992. This Court finds this to be an accurate figure and therefore grants defendants additional credit in the amount of $10,582.52.
Accordingly, this Court orders plaintiff to tender to defendants the purchase price of $41,500.00, plus interest of 12% from May 1, 1984 less the $500 deposit. Defendants are further ordered to tender rent in the amount of $30,132 less $16,049.18 credit for permanent improvements and expenditures.
Counsel shall submit the appropriate order for entry.
[1] Mrs. Arruda testified that the bathroom fixtures and kitchen floor cost a total of $10,000. The new windows cost $2,400.