Carol BRISTOW

v.

Dennis BRISTOW.

No. 93–198–Appeal.

Supreme Court of Rhode Island.

Feb. 24, 1994.

Kathleen Managhan/Joseph Houlihan, Newport.

Richard D'Addario, Newport.

ORDER

This matter came before a panel of the Supreme Court on February 15, 1994, pursuant to an order directing the plaintiff to show cause why her appeal should not be summarily decided. The plaintiff appeals from a Family Court decision on the distribution of marital property in this divorce case.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown.

The trial justice's twenty-six page decision, following a trial over approximately ten days, includes a lengthy review of the facts. In addition the trial justice made the proper considerations in accordance with G.L. 1956 (1988 Reenactment) § 15–5–16.1 and did not overlook or misconceive material evidence nor make findings that were clearly wrong with respect to defendant's misconduct, the valuation of his business, and the distribution of marital property. This court does not sit as a trier of fact and will not disturb a trial justice's ruling as to the division of marital property unless the trial justice was clearly wrong or misconceived or misconstrued the evidence. *Cloutier v. Cloutier,* 567 A.2d 1131, 1132 (R.I.1989).

Consequently, we deny and dismiss the appeal and affirm the decision of the Family Court.

WEISBERGER, Acting C.J., did not participate.

Marilyn MIELE

v.

Elizabeth SIRAVO, Alias and Max Factor & Co.

No. 93–271–Appeal.

Supreme Court of Rhode Island.

Feb. 24, 1994.

John R. Mahoney, Providence.

James Ruggieri, Providence.

ORDER

This case came before a panel of the Supreme Court on February 15, 1994, pursuant to an order directing the plaintiff to appear and to show cause why her appeal should not be summarily decided.

The plaintiff appeals the denial in Superior Court of her motion for a new trial and/or additur on the issue of damages in a motor vehicle accident involving the parties.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown.

After trial, the jury returned a verdict in plaintiff's favor and awarded damages in the amount of $2,260, which plaintiff alleges inadequate.

This court affords great weight to a trial justice's ruling on a motion for a new trial, and such a ruling will not be disturbed unless the trial justice has misconstrued or overlooked material evidence or was otherwise clearly wrong. *Connors v. Gasbarro,* 448 A.2d 756, 759 (R.I.1982). Our review of the evidence supports the decision of the trial justice. The jury's verdict was not clearly wrong, and the trial justice was within his discretion to uphold their decision.

Consequently, we deny and dismiss the appeal, and the judgment appealed from is affirmed.

WEISBERGER, Acting C.J., did not participate.