Karen L. **REED**

v.

Allen **REED.**

No. 94–587–Appeal.

Supreme Court of Rhode Island.

Dec. 22, 1995.

Amy R. Tabor, Pawtucket, Lise Iwon R.I. NOW, Wakefield, for Plaintiff.

Bruce E. Vealey, Cranston, for Defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on December 4, 1995, pursuant to an order directing the parties to appear and show cause why the issues raised by this appeal should not be summarily decided. The plaintiff, Karen L. Reed, appeals from a Family Court trial justice's decision pending entry of final judgment in this divorce action filed against the defendant, Allen Reed.

The Reeds were married on November 25, 1978. During the approximately fifteen year marriage, the husband provided almost all the financial support. The husband has a bachelor's degree in industrial engineering and has completed most of the courses required to have a master's degree in business administration. At the time of the trial he was employed as a manager with a Massachusetts company, earning approximately $72,000 per year.

The wife was the primary caretaker for the couple's two children and provided most of the homemaker services. For a short period during the marriage, the wife worked part time. The wife has a GED and a few college-readiness courses. At the time of the trial she was employed at a jewelry factory, earning approximately $11,000 per year. She testified at trial that she would like to take some college classes at the Community College of Rhode Island and become a dental hygienist.

On September 11, 1992, the wife filed a complaint for divorce in Providence County Family Court. The husband thereafter filed a counterclaim for divorce. A trial was held before the Family Court on October 7, November 8 and 15, and December 22, 1993. On April 8, 1994, the trial justice filed a written decision pending entry of final judgment. In his decision the trial justice granted the wife's complaint for divorce and the husband's counterclaim for divorce. He awarded the parties joint custody of the two minor children. The husband has physical possession of the children and is wholly responsible for their support. The trial justice also ordered the following: (1) the husband is required to pay the wife $800 a month commencing April 5, 1994 for thirty months, (2) the husband is required to pay the wife's tuition for three precollege courses, and (3) the husband is required to pay the wife's tuition at the Community College of Rhode Island for a period of thirty-six months from the date of the decision. The trial justice stated that at the conclusion of the thirty-six-month period, the wife is denied any further rehabilitative alimony.

On April 25, 1994, the wife filed a notice of appeal. On appeal, the wife argues the following: (1) the trial justice's award of rehabilitative alimony was not of sufficient duration to permit her to complete the rehabilitative process by completing her education and her job training, and (2) since it is uncertain when the wife would obtain marketable job skills, the trial justice should not have set an arbitrary date on which all alimony payments would cease.

■ According to G.L.1956 (1988 Reenactment) § 15–5–16, the following factors may be considered in awarding alimony: the length of the marriage; the conduct of the parties during the marriage; the health, age, station, and occupation of each; the amount and source of their incomes; the vocational skills and employability of the parties; and the liabilities and needs of each of the parties. We have stated that alimony "is designed to provide support for an ex-spouse based on need." *Cloutier v. Cloutier,* 567 A.2d 1131, 1133 (R.I.1989). Moreover, "[i]t should be payable for a limited and definite period and it should be reasonably calculated to allow the recipient to become financially independent." *Id.* Finally, when reviewing domestic-relations cases, we have recognized that "the findings of a trial justice sitting without a jury are entitled to great weight and will not be disturbed by this court on appeal unless it can be shown that such findings are clearly wrong or that the trial justice misconceived or overlooked material evidence." *Tarro v. Tarro,* 485 A.2d 558, 564–65 (R.I.1984).

A review of the instant case indicates that the trial justice was not clearly wrong in making the award for payments of alimony and college-education expenses. The trial court's determination that the the husband shall be responsible for the payment of tuition expenses for a period of three years was based on plaintiff's own testimony. Specifically, the wife testified that she would have to wait approximately one year to begin a dental-hygienist program and that the program would then take two years to complete. This award, which is limited to three years, will clearly help the wife to pay for and to complete the dental-hygienist program. The trial justice therefore was correct in ordering the husband to pay the wife's college-tuition expenses for a period of thirty-six months.

The wife nevertheless raises two arguments on appeal. First, the wife contends that the trial justice should have awarded her alimony beyond the three-year period in order for her to complete the rehabilitative process. However, the wife failed to present any evidence at trial to support the contention that attending college alone would be insufficient for her to complete this process. In support of her second argument, the wife argues that her alimony award should have been an "open-ended" award in order for her to obtain marketable job skills "which would enable her to improve her earning capacity to a meaningful degree." However, the wife never testified at trial in regard to any uncertainty about when she would possess marketable job skills. Instead, the wife only testified that it would take her approximately three years to obtain a degree in dental hygiene. Clearly, the wife's arguments on appeal are without merit.

Upon review of the record before us, it is patent that the trial justice considered all the evidence that was presented by the parties. The trial justice did not overlook or misconceive any material evidence in this matter. Moreover, the trial justice was not clearly wrong in ordering the defendant to pay alimony for the limited and definite period of three years.

The wife's appeal is denied and dismissed. The judgment of the Family Court is affirmed, and the papers of this case are remanded to the Family Court.