Marguerite A. ALTIERI

v.

John B. ALTIERI.

No. 97–302–Appeal.

Supreme Court of Rhode Island.

June 1, 1998.

Lauren E. Jones, Providence, David L. Krech.

Robert S. Parker, Jerry L. McIntyre, Providence.

## ORDER

This case came before a hearing panel of this Court for oral argument May 19, 1998, pursuant to an order that had directed the plaintiff to appear in order to show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

Marguerite A. Altieri (plaintiff/wife) has appealed from a decision pending entry of final judgment of divorce entered in the Family Court. Essentially she challenges the distribution of the marital assets and the award of alimony made to her by the trial justice. John B. Altieri (defendant/husband) and the plaintiff were married on November 5, 1960. Two children were born of the marriage, both of whom are now adults. Both plaintiff and defendant testified and had significantly different perceptions of the causes of their marital difficulties. The two daughters, one thirty-five years of age at the time of trial and the other thirty-two years of age at the time of trial, testified and indicated that their mother had been a principal cause of the dissension between the couple. Neither had observed their father's drinking to excess (as the mother had claimed), or being abusive in any way to the mother. They testified that their mother frequently became angry without cause and acted in an inappropriate manner.

On the basis of this testimony the trial justice found that the daughters' testimony was credible and that the wife was mainly responsible for the breakup of the marriage. He entered a decision for divorce on the ground of irreconcilable differences. However, in distributing the marital assets, he awarded 60 percent to the husband and 40 percent to the wife. The joint assets including real estate, stocks, and certain savings accounts totaled approximately $300,000. After the distribution of the marital assets, the trial justice awarded rehabilitative alimony to the wife at the rate of $1,000 per month during the first year, $700 per month during the second year, and $600 per month during the third year.

The wife would also receive 40 percent of the husband's civil service pension which was valued at $21,600 per year and 40 percent of the husband's Army pension of $35,000 per year which would begin when the husband reached age sixty.

The trial justice made the award of rehabilitative alimony non-modifiable. This was done in order to protect the wife from a possible motion to modify on behalf of the husband when he retires from his present active duty position with the Army.

The wife argues that the distribution of marital assets was unfair to her since it was based upon her conduct during the marriage. She has also argued that the rehabilitative alimony is insufficient and leaves her in a much less favorable position than her husband's income would warrant.

The trial justice determined that the statutory factors set forth in G.L.1956 § 15–5–16.1 entitled the husband to receive a greater share of the marital estate. The distribution of the marital estate and the award of alimony is subject to the sound judicial discretion of the trial justice so long as he or she considers the proper statutory factors. We have held that it is not the function of the trial justice to equalize the earning power of divorced parties. *See Cok v. Cok,* 479 A.2d 1184, 1188 (R.I.1984). It is the function of rehabilitative alimony to provide temporary support for a spouse until he or she is able to become self-supporting. *Cloutier v. Cloutier,*

567 A.2d 1131, 1133 (R.I.1989). Alimony is no longer considered an extension of the husband's common law duty to support his wife. *Whited v. Whited,* 478 A.2d 567, 570 (R.I.1984).

We have also held that our standard of review for the distribution of marital assets is limited to determining whether the trial justice has abused his or her discretion after considering the necessary statutory factors. *Stanzler v. Stanzler,* 560 A.2d 342, 345 (R.I. 1989). It appears that the trial justice took into account the needs of the wife as well as her probable ability to obtain employment. We have said that a division of the marital property need not be equal in order to be equitable. *Cloutier,* 567 A.2d at 1131.

The wife has suggested that an award of non-modifiable alimony may be in excess of the power of the Family Court in light of G.L.1956 § 15–5–16(c)(2). *See Borden v. Borden,* 649 A.2d 1028, 1030 (R.I.1994). While this argument may have merit, the inhibition on modification was designed for the benefit of the wife in this instance. The husband has not appealed from this or any aspect of the decision. We need not consider this issue at this time, since the wife has not as yet sought to modify the alimony award. If she should do so at a subsequent time, we would be open to consideration of her right to do so.

In our opinion the trial justice was not clearly wrong in his findings of fact nor did he abuse his discretion in distributing the marital assets of the parties and awarding rehabilitative alimony to the wife. Consequently, the wife's appeal is denied and dismissed. The decision pending entry of final judgment is affirmed.

LEDERBERG and GOLDBERG, JJ., did not participate.