## 20701

Emmette Sherman MURRAY, Respondent, v. Anne J. MURRAY, Appellant.

(244 S. E. (2d) 538)

*Harry A. Chapman, Jr., Horton, Drawdy, Marchbanks, Chapman & Brown,* Greenville, *for appellant.*

*Forrest C. Wilkerson,* of *Roddey, Sumwalt & Carpenter,* Rock Hill and *John A. Martin,* of *Martin & Brown,* Winnsboro, *for respondent.*

May 24, 1978.

NESS, Justice.

Anne Murray appeals from an order of the Family Court granting a legal separation and other relief to Emmette Sherman Murray. We affirm, with one modification.

Initially, appellant asserts Mr. Murray condoned her alleged misconduct by remaining in the marital home. We disagree. Mr. Murray remained in his

home on advice of counsel and for the sake of the parties' young son. It is uncontroverted that he and his wife occupied separate rooms. Even if Mr. Murray's initial decision to stay in the home constituted condonation, the condonation was nullified by Mrs. Murray's subsequent acts of misconduct. See *McLaughlin v. McLaughlin*, 244 S. C. 265, 275, 136 S. E. (2d) 537 (1964). Accordingly, this exception is without merit.

Appellant contends the trial court erred in awarding her only $400.00 per month for six months and three rooms of furniture. This award is consistent with the unchallenged finding of the Family Court that the disintegration of the marriage was the fault of Mrs. Murray. Apart from being the party at fault, Mrs. Murray does not have custody of the child and is able to work. Under these circumstances, the alimony award does not constitute an abuse of discretion.

Appellant asserts the child's best interest and welfare requires that his custody be granted to her. We disagree. While the testimony indicates Mrs. Murray was a devoted mother, there is ample evidence of the husband's fitness as a parent. Mrs. Murray has been under a psychiatrist's care and has attempted suicide. Therefore, the trial judge's finding that Mrs. Murray is the less stable parent is supported by the record. We conclude custody of the parties' young son was properly awarded to Mr. Murray.

Finally, appellant excepts to the trial court's additional award of $500.00 attorney fees to appellant. Appellant's attorney had been paid $500.00 by each party at the time of trial and the additional award brought the total to $1,500.00.

We agree this award is unreasonably low. The order of the Family Court is modified to require respondent to pay

an additional $1,500.00 in lieu of the $500.00 to appellant's attorney, bringing the total award to $2,500.00.

With the above modification, we affirm.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.