George I. KIRK, Jr.

v.

Jean KIRK.

No. 90–74–M.P.

Supreme Court of Rhode Island.

July 5, 1990.

 

Alan T. Dworkin, Warwick, for plaintiff.

Deborah M. Tate, Lipsey & Skolnik, Ltd., Providence, for defendant.

## OPINION

MURRAY, Justice.

This case is before the court as a certified question of law from the Family Court. The issue is whether personal injury settlements, workers' compensation benefits, and Social Security benefits are marital property subject to equitable distribution upon divorce pursuant to G.L.1956 (1988 Reenactment) § 15–5–16.1. Accordingly we advert to a precis of the facts in order to discuss this issue in depth.

George I. Kirk, Jr. (husband), and Jean Kirk (wife) were married on February 14, 1976. On September 8, 1986, husband filed a complaint for divorce in Family Court, asserting that irreconcilable differences had led to the irremediable breakdown of the marriage. On October 6, 1986, wife counterclaimed on the same grounds.

During the marriage husband was injured in two automobile accidents and in an accident at work. The husband received two lump-sum settlements for the accidents and one lump-sum Social Security benefit payment. He also has been receiving weekly workers' compensation checks.

On February 5, 1990, the parties submitted to the Family Court justice an agreed statement of facts regarding the two personal-injury actions, the workers' compensation action, and the Social Security claim. On February 6, 1990, the Family Court justice requested certification of this case to the court for questions of law.

Section 15–5–16.1 governs the distribution of marital assets by the Family Court. Section 15–5–16.1(a) provides:

"In addition to or in lieu of an order to pay alimony made pursuant to a complaint for divorce, the court may assign to either the husband or wife a portion of the estate of the other. In determining the nature and value of the property, if any, to be assigned, the court after hearing the witnesses, if any, of each party shall consider the length of the marriage, the conduct of the parties during the marriage, and the contribution of each of the parties in the acquisition, preservation, or appreciation in value of their respective estates, and the contribution and services of either party as a homemaker. The court may not assign property or an interest therein held in the name of one of the parties if the property was held by the party prior to the marriage, but may assign income which has been derived therefrom during the term of the marriage and the court may assign the appreciation of value from the date of the marriage of property or an interest therein which was held in the name of one party prior to the marriage which increased in value as a result of the efforts of either spouse during the marriage. The court also shall not assign property or an interest therein which has been transferred to one of the parties by inheritance before, during, or after the term of the marriage. The court shall not assign property or an interest therein which has been transferred to one of the parties by gift from a third party before, during, or after the term of the marriage."

The purpose of this statute is "to provide a fair and just assignment of the marital assets * * * on the basis of the joint contribution of the spouses to the marital enterprise." *Stanzler v. Stanzler*, 560 A.2d 342, 345 (R.I.1989). This statute provides for the equitable distribution of property acquired or owned by either party during the marriage, except that property which is protected by the statutory exemptions. "[T]he acquisition of assets after the irremediable breakdown of a marriage or after a valid complaint for divorce is filed or at any time before final decree for divorce is granted will not have any effect on

the applicability of the equitable-distribution statute." *Vanni v. Vanni,* 535 A.2d 1268, 1270 (R.I.1988).

The first issue we address is whether personal-injury settlements are marital property subject to equitable distribution under § 15–5–16.1. The husband asserts that personal-injury claims are personal and unique to him and that as such they are not marital property subject to distribution.

■ After our analysis of the differing law of other jurisdictions that have addressed this issue directly, we are persuaded that the purpose of the personal-injury recovery determines whether it is marital property subject to distribution under § 15–5–16.1. A personal-injury settlement constitutes various components of recovery. A settlement represents compensation from a tortfeasor for losses sustained by the injured spouse including pain and suffering, past loss of wages, future loss of wages, past uninsured medical expenses, and future medical expenses. Those components of the personal-injury settlement that replace property acquired or property that would have been acquired during the marriage are marital property under § 15–5–16.1.

In *Landwehr v. Landwehr,* 111 N.J. 491, 545 A.2d 738 (1988), the Supreme Court of New Jersey found that the State equitable-distribution statute was "not intended to force a victim of personal injuries to share the proceeds he or she receives for the pain and suffering and disabilities arising out of those injuries." *Id.* at 500–01, 545 A.2d at 743.

"Nothing is more personal than the entirely subjective sensations of agonizing pain, mental anguish, embarrassment because of scarring or disfigurement, and outrage attending severe bodily injury. Mental injury, as well, has many of these characteristics. Equally personal are the effects of even mild or moderately severe injury. None of these, including the frustrations of diminution or loss of normal body functions or movements, can be sensed, or need they be borne, by anyone but the injured spouse. Why, then,

should the law, seeking to be equitable, coin these factors into money to even partially benefit the uninjured and estranged spouse? In such case the law would literally heap insult upon injury." *Id.* at 500, 545 A.2d at 742–43 (quoting *Amato v. Amato,* 180 N.J. Super. 210, 218, 434 A.2d 639, 643 (1981)).

The New Jersey Supreme Court concluded that that portion of a personal injury settlement that was intended to compensate the injured spouse for his or her pain and suffering is not subject to equitable distribution. *Id.* at 500–01, 545 A.2d at 743.

■ We find that a pain-and-suffering award of an injured spouse is compensation for or replacement of personal property, that spouse's good health, which was acquired before the marriage. Therefore, that portion of a personal-injury settlement that is intended to compensate an injured spouse for his or her pain and suffering is nonmarital property, not subject to equitable distribution under § 15–5–16.1.

■ We find, however, that that portion of the personal injury settlement compensating for past loss of wages and past uninsured medical expenses incurred during the marriage, losses that have depleted funds of the marital estate, are marital property subject to equitable distribution under § 15–5–16.1.

■ A recent decision of the Minnesota Court of Appeals addressed the issue of whether that portion of a personal-injury settlement that compensates an injured spouse for future loss of wages, future loss of earning capacity, or future medical expenses is marital property, subject to equitable distribution. *Ward v. Ward,* 453 N.W.2d 729 (Minn.Ct.App.1990). In *Ward* the court stated:

"As it becomes more common for both spouses to participate in the work force, it is important to maintain the integrity of each spouse's personal security. After the dissolution of a marriage, the parties no longer contribute to or are sustained by the marital estate. Personal security, once sought through joint efforts to acquire and preserve marital

property, becomes dependent on individual effort. Compensation received for lost wages or lost earning capacity sustained by either party subsequent to dissolution is nonmarital property." *Id.* at 732. We find that that portion of the personal-injury settlement that compensates for future losses, losses incurred after entry of a final divorce, including future loss of wages, future medical expenses, and future loss of earning capacity, are separate personal property of the injured spouse, not subject to equitable distribution under § 15-5-16.1.

■ The husband next argues that workers' compensation benefits paid during the marriage are marital assets subject to distribution and those received after the dissolution, including lump-sum commutations, are separate personal property of the injured spouse.

There is also a split of authority in jurisdictions that have addressed this issue. We are persuaded by those states that differentiate between loss of income during the marriage and loss of future, postdivorce, earning capacity. *Miller v. Miller,* 739 P.2d 163 (Alaska 1987); *Weisfeld v. Weisfeld,* 545 So.2d 1341 (Fla.1989); *Cummings v. Cummings,* 540 A.2d 778 (Me. 1988); *Queen v. Queen,* 308 Md. 574, 521 A.2d 320 (1987); *Pauley v. Pauley,* 771 S.W.2d 105 (Mo. Ct.App.1989).

In Rhode Island there are many types of workers' compensation benefits. These benefits include payment of injury-related medical expenses, weekly wage-replacement benefits, benefits paid to compensate for disfigurement and/or loss of use of a limb, and benefits to rehabilitate the injured worker. All of these types of benefits may be satisfied through a one-time lump-sum payment. *See* G.L.1956 (1986 Reenactment) chapter 33 of title 28.

In determining whether workers' compensation benefits are marital property subject to equitable distribution under § 15-5-16.1, we look to the purpose for which they are paid. Like personal-injury settlements, those workers' compensation benefits that replace property acquired or property that would have been acquired during the marriage are marital property subject to equitable distribution.

■ Accordingly payments that compensate for past loss of wages and past medical expenses incurred during the marriage are marital property subject to equitable distribution under § 15-5-16.1. Those payments that compensate for disfigurement and/or loss of use of a limb and those payments that replace lost future wages and future medical expenses are separate personal property of the injured spouse, not subject to equitable distribution under § 15-5-16.1. Future wages and future medical expenses are losses incurred after entry of a final divorce. This analysis applies both to one-time lump-sum payments and to regular weekly payments. Consistent with our analysis of personal-injury settlements, only that portion of the injured spouse's one-time lump-sum payment or weekly payment that replaces marital property is subject to equitable distribution under § 15-5-16.1.

■ The husband further argues that Social Security benefits are not subject to equitable distribution under § 15-5-16.1. In contrast the wife submits that § 15-5-16.1 specifically excludes only that property held prior to the marriage by a party or property transferred to one of the parties by gift or inheritance before, during, or after the marriage. *Centazzo v. Centazzo,* 509 A.2d 995 (R.I.1986). We believe, however, that an analysis of § 15-5-16.1 is misplaced. Under the supremacy clause of the United States Constitution, Article VI, Rhode Island law must defer to the Social Security Act's statutory scheme for allocating benefits. *See Hisquierdo v. Hisquierdo,* 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979) (the California Supreme Court was required to exempt Railroad Retirement Act benefits from division despite California law to the contrary). In order to resolve this issue, therefore, a review of the provisions of the Social Security Act is necessary.

The Social Security Act, 42 U.S.C. § 407(a), provides:

"The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and *none of the moneys paid* or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, *or other legal process,* or to the operation of any bankruptcy or insolvency law." (Emphasis added.)

In 1975, 42 U.S.C. § 659(a) was enacted to create an exception to this rule prohibiting the access of others to a recipient's Social Security benefits. It provides that notwithstanding § 407(a), benefits shall be subject "to legal process brought for the enforcement, against such individual of his legal obligations to provide *child support* or make *alimony* payments." (Emphasis added.) 42 U.S.C. § 659(a). Congress also limited the kind of alimony reachable by legal process and specifically excluded from its definition of alimony "any payment or transfer of property or its value by an individual to his spouse or former spouse in compliance with any community property settlement, equitable distribution of property, or other division of property between spouses or former spouses." 42 U.S.C. § 662(c). In this way Federal law has carefully limited a divorced spouse's ability to reach both past and future Social Security benefits.

In enacting these statutes, Congress has clearly stated that Social Security benefits are not to be treated by State courts as property. *Sherry v. Sherry,* 108 Idaho 645, 650, 701 P.2d 265, 270 (1985) (citing *Flemming v. Nestor,* 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960)); *Olson v. Olson,* 445 N.W.2d 1, 8 (N.D.1989) (citing *In re Marriage of Nizenkoff,* 65 Cal.App.3d 136, 135 Cal.Rptr. 189 (1976)). Instead Social Security benefits are intended to protect the Social Security beneficiary and those dependent upon him or her from the claims of creditors. *Sharlot v. Sharlot,* 110 A.D.2d 299, 300, 494 N.Y.S.2d 238, 239 (1985). When a former spouse attempts to attach these benefits, then the former spouse becomes more like a creditor than a dependent. Therefore, these Social Security benefits may be reached by a former spouse for alimony or child support but not for property division.

Hence this case is remanded to Family Court for further proceedings consistent with this opinion.