1979

Theresa B. HALLUMS, Respondent v. Thomas L. BOWENS, Appellant.
Court of Appeals

(428 S.E. (2d) 894)

*Joel S. Brandon*, Greenville, *for appellant.*

*J. Redmond Coyle*, Pickens, *for respondent.*

Submitted March 15, 1993.

Decided March 22, 1993.

*Per Curiam:*

Plaintiff Theresa Hallums Bowens, Respondent, brought this action against the Defendant Thomas L. Bowens, Appellant, alleging that the parties were husband and wife under the common law of this state. The family court judge proceeded to hear the matter and undertook to distribute the properties accumulated by the two while they were living together. Thereafter, the Plaintiff had the court issue a Rule to Show Cause why the Defendant should not be held in contempt of court for failure to distribute properties in keeping with the family court judge's Order. The Defendand appeals alleging error on the part of the judge in holding him in contempt. We are not at all sure that the Defendant was held in contempt, but in light of the view we take, the issue is moot. We dismiss the appeal.

The judge's Order includes the following:

> ... The parties now stipulate for the record that there was no such marriage and that the pleadings of the Respondent wherein he alleges that the parties were in fact never husband and wife are correct.

No divorce was granted, and the judge's Order includes the following:

> IT IS ORDERED, THAT THE Petitioner and Respondent are hereby declared to have never been husband and wife under the common law of this State.

Section 20-7-472 of the 1978 Code of Laws, Cumulative Supplement, confers jurisdiction as follows:

In a proceeding for divorce a vinculo matrimonii or separate support and maintenance, or in a proceeding for disposition of property following a prior decree of dissolution of a marriage by a court which lacked personal jurisdiction over an absent spouse or which lacked jurisdiction to dispose of the property, and in other marital litigation between the parties, the court shall make a final equitable apportionment between the parties of the parties' marital property upon request by either party in the pleadings.

It patently appears that the family court did not have jurisdiction to allocate properties of this unmarried couple. When it became apparent that no marriage was involved, there could be no marital property as contemplated by our law. Accordingly, the court had no jurisdiction of the subject matter.

It is with some reluctance that we raise the issue *ex mero motu*, but it is inescapable that the issues should have been submitted to a court of common pleas. A court, lacking subject matter jurisdiction, cannot enforce its own decrees. It would serve no useful purposes to determine issues submitted to the court since the jurisdiction as to subject matter can be raised at any time, and if the case were remanded to the family court, it would have no authority to carry out its previously ordered mandate.

The family courts of this state have jurisdiction to deal with family problems. It has no jurisdiction to settle property disputes between unmarried people.

Dismissed.[1]

---

[1] Having determined that oral argument would not aid our determination of these issues, we decide this matter without it.