24281

John T. (Tommy) WATSON, Appellant v. Tracy E. WATSON, Respondent.
(460 S.E. (2d) 394)

Supreme Court

*Nancy M. Young* and *Richard G. Whiting,* Columbia, *for appellant.*

*James T. McLaren* and *C. Dixon Lee, Jr.,* Columbia, *for respondent.*

Heard May 30, 1995.

Decided July 24, 1995.

FINNEY, Chief Justice:

Appellant (Husband) brought this family court action against respondent (Wife) seeking a divorce on the ground of adultery, custody of the parties' child, and related relief. Wife filed a motion to dismiss the complaint alleging the family court lacked subject matter jurisdiction because the parties continued to reside in the marital home at the time the action was commenced. The family court granted Wife's motion on both jurisdictional and policy grounds. Husband appeals. We reverse.

## Jurisdiction

Subject matter jurisdiction refers to the court's "power to hear and determine cases of the general class to which the proceedings in question belong." *Dove v. Gold Kist, Inc.*, 314 S.C. 235, 442 S.E. (2d) 598 (1994). Without question, the family court has subject matter jurisdiction over actions such as this which involve marital litigation and related relief. S.C. Code Ann. § 20-7-420(2) (Supp. 1994). We reverse the family court's holding that it lacked subject matter jurisdiction because the parties were not physically separated.[1]

## Public Policy

As an alternative ground for dismissal, the family court judge held public policy demanded he refuse to permit a divorce action to be brought when the parties were residing in the same home at the time the action was commenced. We disagree, and hold that where, as here, a divorce is sought on a fault ground other than desertion, the parties need not be physically separated in order to bring suit.

It is well-settled the South Carolina's public policy is to foster and protect the marriage relationship. *In re DePass*, 231 S.C. 134, 97 S.E. (2d) 505 (1957); *Brown v.*

---

[1] A divorce action is subject to dismissal for failure to state a cause of action, however, if the ground alleged is either one year's separation or desertion, and the complaint fails to allege the parties were physically separated for one year prior to the institution of the action. *See Singley v. Singley*, 256 S.C. 117, 181 S.E. (2d) 17 (1971).

*Brown,* 215 S.C. 502, 56 S.E. (2d) 330 (1949). South Carolina is the only State which deals with divorce in its constitution. S.C. Const. art. XVII, § 3 (Supp. 1994); *Shaw v. Shaw,* 256 S.C. 453, 182 S.E. (2d) 865 (1971). Despite this policy, persons who plead and prove their grounds for divorce are entitled to a judicial dissolution of the bonds of matrimony. *See Mincey v. Mincey,* 224 S.C. 520, 80 S.E. (2d) 123 (1954).

If we were to require physical separation of the parties in order to bring a divorce action, divorcing parents who seek custody of their children would have these choices: either vacate the home, taking the children with them and thereby cause additional disruption in the children's lives; vacate the home and abandon the children to their spouse; or continue in the marriage. We hold that public policy permits a party to remain in the home and institute divorce litigation premised on fault grounds other than desertion. In such cases, the living arrangements of the parties and the children during the pendency of the litigation should be decided at the temporary hearing.

In making this public policy ruling, it appears the family court judge was concerned with the possibility of collusion or condonation. While these are appropriate evidentiary issues to be explored at a hearing, they are not a justification for dismissal of the action at this stage of the proceedings. *See Murray v. Murray,* 271 S.C. 62, 244 S.E. (2d) 538 (1978) (husband did not condone wife's misconduct where he remained in marital home on advice of counsel and for the sake of the parties' young child).

The family court's order is

Reversed.

TOAL, MOORE, WALLER and BURNETT, JJ., concur.