Horace D. GENTRY *v.* Athanett O. GENTRY

96-1063                                                938 S.W.2d 231

Supreme Court of Arkansas
Opinion delivered February 10, 1997

*D. Scott Hickam.* for appellant.

*Clark & Clark,* by: *Jim Clark,* for appellee.

RAY THORNTON, Justice. This case presents the issue whether an agreement to divide future Social Security benefits can be enforced by the courts of Arkansas notwithstanding the provisions of federal law prohibiting the transfer or assignment of such benefits. After twenty-eight years of marriage, the appellant, Horace D. Gentry, and the appellee, Athanett O. Gentry, were divorced in 1984. They entered into a property settlement which was approved by the court and which included among its provisions the following paragraph nine:

> In the event that the husband is entitled to Social Security payments, the wife shall be entitled and shall receive one half of all payments that are made to him.

Mr. Gentry began receiving benefits in September, 1995, and did not pay Ms. Gentry the agreed one-half of the benefits. She filed a Petition for Citation for Contempt because of Mr. Gentry's refusal to obey the court-ordered property-settlement agreement. Mr. Gentry admitted entering into the agreement, but contended

that his Social Security benefits were nonassignable under federal law.

The matter was heard in June 1996, and the court ruled the property-settlement agreement was an enforceable contract; that Mr. Gentry owed Ms. Gentry $3, 290.00 reflecting her one-half share of the Social Security benefits already received and that Mr. Gentry would owe one-half of his future benefits.

Mr. Gentry appeals contending that paragraph nine of the agreement violates 42 U.S.C. § 407, and is unenforceable under the Supremacy Clause of the United States Constitution. We agree, and reverse the decision of the chancery court.

The Social Security Act provides that:

(a) The right of any person to *any future payment* under this sub-chapter *shall not be transferable or assignable*, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, *or other legal process*, or to the operation of any bankruptcy or insolvency law.

42 U.S.C. § 407(a) (emphasis added). The United States Supreme Court has adopted the position that § 407(a) imposes, "a broad bar against the use of any legal process to reach all social security benefits." *Philpott v. Essex County Welfare Bd.*, 409 U.S. 413, 417 (1973). In a case interpreting a similar prohibition against assignment of future retirement benefits the Supreme Court stated that by enacting such anti-assignment statutes, Congress has, "afforded recipients [protection] from creditors, taxgatherors, and all those who would anticipate the receipt of benefits". *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 575-576 (1979).

The United States Supreme Court found in *Bennett v. Arkansas*, 485 U.S. 395, (1988), that an Arkansas statute was in conflict with § 407 of the Social Security Act, and held that the Supremacy Clause precluded Arkansas from attaching a prisoner's Social Security benefits. *Id.* at 397.

The United States Supreme Court in *Philpott* held that the provisions of 42 U.S.C. § 407 barring the use of "any legal pro-

cess" to reach social security benefits" bars all claimants, including a state. *Philpott*, 409 U.S. at 417.

■ It is generally agreed that under the Supremacy Clause, any state action is preempted by a conflicting federal law. *Kirk v. Kirk*, 577 A.2d 976, 979 (R.I. 1990); *see also Swan v. Swan*, 720 P.2d 747, 751-52 (Or. 1986) (stating that Congress intended to preempt state property-division law as applied to Social Security benefits of a spouse upon a divorce) and *Olson v. Olson*, 445 N.W.2d 1, 11 (N.D. 1989) (holding that Social Security is immune from adjustment by state courts in dividing marital property).

■ The thrust of these decisions is that state courts are without power to take any action to enforce a private agreement dividing future payments of Social Security when such an agreement violates the statutory prohibition against transfer or assignment of future benefits. *See also Boulter v. Boulter*, 930 P.2d 112 (Nev. 1997).

The Social Security statute itself specifically prohibits assignment of "future" receipt of benefits, and not those benefits already received. Once Social Security benefits are received, they become the recipient's personal property and he can do whatever he wishes with them, even use them to pay preexisting obligations. *United States v. Eggen*, 984 F.2d 848, 850 (7th Cir. 1993). We have applied that principle in this state when we held that a lump-sum settlement already received from Social Security is marital property and is subject to division. *Bagwell v. Bagwell*, 282 Ark. 403, 405, 668 S.W.2d 949, 950 (1984).

■ We understand the rationale followed by the chancery court in holding that contracts entered into voluntarily must be enforced. It is well established that when parties enter voluntarily into an independent property-settlement agreement that is incorporated into a decree of divorce, it cannot subsequently be modified by the court. *Law v. Law*, 248 Ark. 894, 897, 455 S.W.2d 854, 856 (1970); *Kennedy v. Kennedy*, 53 Ark. App. 22, 25, 918 S.W.2d 197, 199 (1996).

The Court of Appeals in *Kennedy* found no merit in the appellee's argument that the payment of alimony after he reached retirement age violated federal law. An exception to the § 407(a) provision prohibiting access of others to Social Security benefits was made in 1975 when 42 U.S.C. § 659(a) was enacted. This statutory exception to § 407 makes benefits subject "to legal process. . . to provide child support or make alimony payments," Congress specifically excluded from its definition of alimony any community-property settlement, equitable distribution of property, or other division of property between spouses. 42 U.S.C. § 662(c). The Rhode Island Supreme Court observed in *Kirk v. Kirk* that federal law has carefully limited a divorced spouse's ability to reach Social Security benefits, and stated: "Therefore, these Social Security benefits may be reached by a former spouse for alimony or child support but not for property division." *Kirk*, 577 A.2d at 980.

■ There is no award of alimony in this case. The plain language of paragraph nine makes it clear that "[i]n the event that the husband is entitled to Social Security payments, the wife shall be entitled and shall receive. . ." a share of future Social Security benefits potentially belonging to Mr. Gentry. This amounts to a transfer or assignment of future benefits prohibited by § 407, and therefore paragraph nine was invalid and unenforceable when signed. As this issue is a matter of first impression in Arkansas, we note with interest the 1997 decision by the Supreme Court of Nevada where a similar question was resolved in *Boulter v. Boulter*. In a well-reasoned opinion, that court stated:

> Although social security recipients may use the proceeds of their social security, after their receipt, to satisfy preexisting obligations, they may not contract to transfer their unpaid social security benefits. Thus, in contracting to give Noleen one-half of his benefits before he was eligible to receive them, Ronald ineffectually "transferred his right" to the benefits. Because Ronald and Noleen attempted to transfer their rights to future benefits in violation of 42 U.S.C. § 407(a), the agreement was invalid and neither this court nor the district court may order its enforcement. Moreover, the fact that the property settlement agreement is entered into voluntarily by the parties is without relevance.

*Boulter v. Boulter*, 1997 WL at 2.

We have determined that the attempted future assignment of one-half of whatever benefits Mr. Gentry might receive from Social Security was preempted by the provisions of 42 U.S.C. § 407(a), and we hold that the chancery court was without jurisdiction to enforce an award of one-half of his social security benefits to Ms. Gentry.

Reversed and remanded.