614 S.E.2d 616

**Gay Ellen COON, Respondent,**

v.

**James Moore COON, Petitioner.**

**No. 25991.**

Supreme Court of South Carolina.

Heard May 4, 2005.
Decided May 31, 2005.
Rehearing Denied July 8, 2005.

564

Alex B. Cash, and Donald Bruce Clark, both of Charleston, for Petitioner.

Ronald L. Richter, Jr., of Charleston, for Respondent.

Justice PLEICONES:

This is a divorce case. We granted a writ of certiorari to review *Coon v. Coon,* 356 S.C. 342, 588 S.E.2d 624 (Ct.App. 2003), in which the Court of Appeals reversed the family court's decision to vacate a domestic-relations order. We affirm.

## FACTS

Pursuant to the parties' settlement agreement, the family court entered an order that apportioned Mr. Coon's United States Department of Defense (DOD) retired pay. Under the

order, Mrs. Coon was to receive one hundred percent of Mr. Coon's "disposable retired pay" [1] for nine years, and thereafter receive fifty percent. The order provided that the DOD plan administrator pay Mrs. Coon directly.

The order was never sent to the plan administrator, however. All of the retired pay was paid directly to Mr. Coon, who, in turn, remitted the money to Mrs. Coon. Under this arrangement, Mr. Coon was deemed the recipient of all of the retired pay and was thus responsible for all of the taxes.

At some point, Mr. Coon increased the amount of federal income tax withholding from the retired pay, causing a decrease in the net amount remitted to Mrs. Coon. Mrs. Coon petitioned for a rule to show cause why Mr. Coon was not in contempt of the family court's order. In response, Mr. Coon moved the family court pursuant to Rule 60(b)(4), SCRCP, to vacate the portion of the order distributing the retired pay. Mr. Coon argued that under the Uniformed Services Former Spouses' Protection Act (the USFSPA or the Act),[2] the family court lacked subject-matter jurisdiction to order that Mrs. Coon receive more than fifty percent of Mr. Coon's disposable retired pay. Accordingly, Mr. Coon argued, the order was void. The family court agreed and vacated the order. Mrs. Coon appealed.

The Court of Appeals reversed, holding that the family court had subject-matter jurisdiction to apportion all of Mr. Coon's disposable retired pay, although the court lacked "authority" to distribute more than half to Mrs. Coon. In other words, the family court committed a substantive error but not a jurisdictional one, so Mr. Coon was not entitled to relief under Rule 60(b)(4). The Court of Appeals ordered the reinstatement of the order and remanded for further proceedings.[3]

---

**1.** "Disposable retired pay" is "the total monthly retired pay to which a member [of the military] is entitled less" certain amounts listed in the statute. 10 U.S.C.A. § 1408(a)(4) (1998).

**2.** 10 U.S.C. § 1408 (1998 and Supp.2004).

**3.** The further proceedings contemplated by the Court of Appeals relate to the rule to show cause and to a subsequent motion filed by Mrs. Coon to reform the family court's order. Because we affirm the Court

## ISSUE

Whether the family court had subject-matter jurisdiction to distribute to Mrs. Coon more than fifty percent of Mr. Coon's disposable retired pay.

## ANALYSIS

We agree with the Court of Appeals that the family court committed an error of law but did not lack subject-matter jurisdiction.

 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding [if] . . . the judgment is void." Rule 60(b)(4), SCRCP. A judgment of a court without subject-matter jurisdiction is void. *Thomas & Howard Co. v. T.W. Graham and Co.*, 318 S.C. 286, 291, 457 S.E.2d 340, 343 (1995). Subject-matter jurisdiction is the "power to hear and determine cases of the general class to which the proceedings in question belong." *Dove v. Gold Kist*, 314 S.C. 235, 237–38, 442 S.E.2d 598, 600 (1994). By statute, the family court has subject-matter jurisdiction to decide divorce actions and apportion marital property. S.C.Code Ann. §§ 20–7–420(2) and 20–7–473 (Supp.2004).

In *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), the United States Supreme Court held that the military-retirement statutes then in force prohibited states from dividing military retired pay pursuant to state community-property laws. *McCarty* applied with like force to equitable-distribution states such as South Carolina. *See Brown v. Brown*, 279 S.C. 116, 118, 302 S.E.2d 860, 861 (1983) (citing *Bugg v. Bugg*, 277 S.C. 270, 286 S.E.2d 135 (1982)). In response to *McCarty*, Congress enacted the USFSPA.

 The USFSPA permits any court of "competent jurisdiction" to "treat disposable retired pay payable to a [service] member . . . either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." 10 U.S.C.A.

___

of Appeals' decision on the merits, we also affirm the decision to remand.

§§ 1408(a)(1) and (c)(1) (1998). In other words, states have a choice whether to treat disposable retired pay as marital property. South Carolina has chosen to do so. *See Tiffault v. Tiffault,* 303 S.C. 391, 392, 401 S.E.2d 157, 157 (1991); *Brown,* 279 S.C. at 118, 302 S.E.2d at 861.

A court's authority, however, is subject to the following limitation: "The total amount of the disposable retired pay of a member payable under all court orders pursuant to subsection (c) may not exceed 50 percent of such disposable retired pay." 10 U.S.C.A. § 1408(e)(1). As the Court of Appeals noted, this limitation applies whether the non-military spouse receives payments directly from the Department of Defense, from the service-member spouse, or a combination of the two. *Coon,* 356 S.C. at 349–50, 588 S.E.2d at 628.

Mr. Coon argues that the fifty-percent limitation prevents state courts from exercising subject-matter jurisdiction over the protected half of disposable retired pay. We disagree. The limitation supplants state domestic-relations law pursuant to the Supremacy Clause of the United States Constitution,[4] but it does not pre-empt state-court subject-matter jurisdiction.[5] *See, e.g., Curtis v. Curtis,* 7 Cal.App.4th 1, 9 Cal. Rptr.2d 145 (1992) (holding that neither the *McCarty* decision nor the USFSPA involves subject-matter jurisdiction); *Mansell v. Mansell,* 217 Cal.App.3d 219, 265 Cal.Rptr. 227 (1989)[6] (same), *cert. denied, Mansell v. Mansell,* 498 U.S. 806, 111 S.Ct. 237, 112 L.Ed.2d 197 (1990); *Evans v. Evans,* 75 Md. App. 364, 541 A.2d 648 (1988) (same). The USFSPA neither confers subject-matter jurisdiction on any court nor takes

---

4. U.S. Const. art. VI.

5. We respectfully disagree with the Supreme Court of Alaska, which recently held that the fifty-percent limitation is jurisdictional. *Cline v. Cline,* 90 P.3d 147, 152–54 (Alaska 2004).

6. This California case was on remand from *Mansell v. Mansell,* 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989). There, the United States Supreme Court held that the USFSPA prevented "military retirement pay waived by the retiree in order to receive veterans' disability benefits" from being apportioned pursuant to state community-property (or equitable-distribution) laws. The reason was that in the Act Congress did not grant the states permission to apportion disability benefits. Thus, the pre-emption found in *McCarty* remained with respect to those benefits.

jurisdiction from any court. *See Brown v. Harms*, 863 F.Supp. 278, 280–81 (E.D.Va.1994) (holding that federal courts are given no federal-question jurisdiction by the Act and finding that "the Act does no more than make clear that courts of competent jurisdiction, namely courts that already have subject matter jurisdiction from some proper source extrinsic to the Act, may treat a military pension" as marital property).

As the Court of Appeals noted, the USFSPA expresses no intention on Congress's part to pre-empt state-court jurisdiction. *Coon*, 356 S.C. at 351, 588 S.E.2d at 629. Further, we agree with the Court of Appeals that the use of the term "jurisdiction" in the 1990 House Report on the subsection (e)(1) amendment is unpersuasive. *See* H.R.Rep. No. 101–665, at 3005 (1990); *Coon*, 356 S.C. at 350, 588 S.E.2d at 628 (finding that by "jurisdiction," the House meant "authority").[7]

We disagree, however, with the Court of Appeal's suggestion that the USFSPA's savings clause, section 1408(e)(5), "further undermines any argument that Congress explicitly directed the fifty-percent limitation is jurisdictional...." *Coon*, 356 S.C. at 351–52, 588 S.E.2d at 629. As already stated, the Act does not address subject-matter jurisdiction in any respect. It follows that the savings clause does not impact the jurisdiction issue one way or the other.

As stated above, the Court of Appeal's holding was correct. The Act does not pre-empt state-court jurisdiction, so the family court's jurisdiction is strictly a matter of South Carolina law. In this case, the family court did not exceed its jurisdiction. *See* S.C.Code Ann. §§ 20–7–420(2) and 20–7–473 (Supp.2004); *Dove*, 314 S.C. at 237–38, 442 S.E.2d at 600. That the family court erred in failing to follow pre-emptive federal law does not change this result. Thus, Mr. Coon is not entitled to relief under Rule 60(b)(4), SCRCP.

---

7. Even the United States Supreme Court, in an unrelated matter, has recently stated: " 'Jurisdiction' ... is a word of many, too many, meanings.... Clarity would be facilitated if courts and litigants used the label 'jurisdictional' ... only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." *Kontrick v. Ryan*, 540 U.S. 443, 454–55, 124 S.Ct. 906, 915, 157 L.Ed.2d 867, 879 (2004) (parentheses in original).

## CONCLUSION

The family court's order is not void for want of subject-matter jurisdiction, so the family court erred when it vacated the order. We therefore affirm the Court of Appeals' decision to reverse the vacatur and remand the case to the family court.

**AFFIRMED AS MODIFIED.**

TOAL, C.J., MOORE, WALLER, BURNETT, JJ., concur.