634 S.E.2d 1

**Essie SIMMONS, Respondent,**

v.

**Rubin SIMMONS, Appellant.**

**No. 4043.**

Court of Appeals of South Carolina.

Submitted Oct. 1, 2005.

Decided Nov. 14, 2005.

Withdrawn, Substituted, and Refiled April 10, 2006.

Rehearing Denied April 10, 2006.

110

Donald Jay Budman, of Charleston, for Appellant.

Paul E. Tinkler, of Charleston, for Respondent.

CURETON, A.J.:

Rubin Simmons (Husband) appeals the denial of his motion for relief from judgment arguing the family court lacked subject matter jurisdiction when it entered a divorce decree effecting an equitable division of Husband's Social Security benefits. We reverse.[1]

---

1. We decide this case without oral argument, pursuant to Rule 215, SCACR.

## FACTS

On August 24, 1990, Husband and Essie Simmons (Wife) were divorced by decree. The decree adopted an agreement between the parties as to alimony, equitable division, retirement benefits, and health insurance, among other things. In pertinent part, the agreement reads as follows:

(b) The parties anticipate that Husband may be entitled to certain Social Security benefits, although neither is certain as to the amount of such benefits. In the event that Husband elects to receive such benefits at the age of 62, then and in that event, Wife shall receive one-third (1/3) of each monthly benefit check to which Husband is entitled, from and following the Husband's attainment of the age of 62 years and his election to receive such benefits. Husband shall not, however, be obligated to elect to receive early benefits. In the event that Husband waits to elect to receive Social Security benefits until the age of 65 years, then and in that event, Wife shall receive one-half (1/2) of each monthly benefit check to which Husband is entitled, from and following the Husband's attainment of the age of 65 years and his election to receive such benefits. In either event, *any payments to Wife under the terms of this provision regarding division of Social Security benefits shall be construed only as a property settlement,* and shall not in any way be considered or construed as alimony.

(Emphasis added).

This court denied Husband's appeal from the divorce decree "to 'revise and set aside the decree as it pertain[ed] to the award of alimony, and the equitable distribution of the property.' " *Simmons v. Simmons,* No. 92–UP–104 (Ct.App. May 28, 1992).[2] Husband attained the age of 62 in 1994 and the age of 65 in 1997. In December 2003, because Husband had failed to remit any portion of his Social Security benefits as required by the agreement, Wife filed a petition for a rule to show cause, requesting Husband account to her for the accrued Social Security benefits due her. Husband then filed a Rule 60(b)(4), SCRCP, motion requesting relief from judgment, asserting the family court lacked subject-matter juris-

---

**2.** In that appeal, Husband did not raise the issue of subject-matter jurisdiction.

diction to divide his Social Security benefits. The family court denied Husband's motion.[3] This appeal followed.

## STANDARD OF REVIEW

In appeals from the family court, this court has authority to find the facts in accordance with our own view of the preponderance of the evidence. *Woodall v. Woodall,* 322 S.C. 7, 10, 471 S.E.2d 154, 157 (1996). This broad scope of review, however, does not require us to disregard the findings of the family court. *Stevenson v. Stevenson,* 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981). We are mindful that the family court, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Bowers v. Bowers,* 349 S.C. 85, 91, 561 S.E.2d 610, 613 (Ct.App.2002). Nevertheless, we are not constrained by the family court's conclusions as to questions of law. *See Moriarty v. Garden Sanctuary Church,* 341 S.C. 320, 327, 534 S.E.2d 672, 675 (2000); *See also McDuffie v. McDuffie,* 308 S.C. 401, 410, 418 S.E.2d 331, 333 (Ct.App. 1992).

## LAW/ANALYSIS

Husband asserts the family court erred in denying his motion for relief from judgment because the Social Security Act (the Act) provides Social Security benefits "shall not be transferable or assignable." 42 U.S.C. § 407(a) (1998). Further, Husband claims the property settlement agreement approved in the divorce decree amounts to an assignment of future Social Security benefits and thus, is violative of the Act. Therefore, he argues the family court lacked subject matter jurisdiction to divide his Social Security benefits. We reluctantly agree.

As a preliminary matter, "Subject matter jurisdiction refers to the court's 'power to hear and determine cases of the general class to which the proceedings in question belong.'" *Watson v. Watson,* 319 S.C. 92, 93, 460 S.E.2d 394, 395 (1995)

---

3. The family court order indicated it denied a motion to compel by Wife, but the record on appeal does not indicate the pertinence of the motion.

(quoting *Dove v. Gold Kist, Inc.*, 314 S.C. 235, 237–38, 442 S.E.2d 598, 600 (1994)). Section 20–7–420(2) of the South Carolina Code (Supp.2003) grants the family court the exclusive jurisdiction "[t]o hear and determine actions: [f]or divorce a *vinculo matrimonii* . . . and in other marital litigation between the parties, and for settlement of all legal and equitable rights of the parties in the actions in and to the real and personal property of the marriage." (emphasis added); S.C.Code Ann. § 20–7–473 (Supp.2003) (stating the family court does not have jurisdiction to apportion nonmarital property).

Under Rule 60(b)(4), SCRCP, a court may set aside a judgment more than one year after its rendition if it is void for lack of subject-matter jurisdiction. *Thomas & Howard Co. v. T.W. Graham & Co.*, 318 S.C. 286, 291, 457 S.E.2d 340, 343 (1995); *McDaniel v. U.S. Fidelity Guar. Co.*, 324 S.C. 639, 644, 478 S.E.2d 868, 871 (Ct.App.1996). Although, Rule 60(b) requires the motion be made within a reasonable time after the entry of the judgment, wife has not claimed Husband's motion was untimely.

■■■ Under the Supremacy Clause of the United States Constitution, Article VI, South Carolina law must defer to the Act's statutory scheme for allocating benefits. *See Hisquierdo v. Hisquierdo*, 439 U.S. 572, 582, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979) (ruling states must defer to the federal statutory scheme for allocating Railroad Retirement Act benefits insofar as terms of federal law require). The Act provides a comprehensive scheme as to how Social Security benefits are to be awarded to divorced spouses. *Cruise v. Cruise*, 92 N.C.App. 586, 374 S.E.2d 882, 883 (1989) (finding the trial court's order requiring husband to share one-half of his benefits with wife contradicted the Supreme Court's rationale in *Hisquierdo* ).

The Act also provides:

The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the monies paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

42 U.S.C. § 407(a). The Act further declares that "[n]o other provision of law ... may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section." 42 U.S.C. § 407(b). While § 659 of the Act permits reassignment of Social Security benefits to fulfill alimony obligations, it expressly excludes from the definition of alimony "any payment or transfer of property by an individual to the spouse or a former spouse of the individual in compliance with any community property settlement, equitable distribution of property, or other division of property between spouses or former spouses." 42 U.S.C. § 659(i)(3)(B)(ii). *See Gentry v. Gentry,* 327 Ark. 266, 938 S.W.2d 231 (1997) (discussing this provision).

South Carolina courts have not directly considered whether family courts may divide Social Security benefits in property distributions. However, the United States Supreme Court found § 407(a) imposed a "broad bar against the use of legal process to reach all Social Security benefits." *Philpott v. Essex County Welfare Bd.,* 409 U.S. 413, 417, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973). Furthermore, other jurisdictions have consistently held the Act preempts state courts from treating Social Security benefits as property. *See Gentry,* 938 S.W.2d at 232; *Johnson v. Johnson,* 726 So.2d 393, 394–95 (Fla.Ct. App.1999); *In re Marriage of Boyer,* 538 N.W.2d 293, 295 (Iowa 1995); *Sherry v. Sherry,* 108 Idaho 645, 701 P.2d 265, 270 (Ct.App.1985) (citing *Flemming v. Nestor,* 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960)); *Cruise,* 374 S.E.2d at 884; *Kluck v. Kluck,* 561 N.W.2d 263, 270 (N.D.1997); *Kirk v. Kirk,* 577 A.2d 976, 980 (R.I.1990); *In re the Marriage of Zahm,* 138 Wash.2d 213, 978 P.2d 498, 501 (1999). The thrust of these decisions is that state courts are without power to take any action to enforce a private agreement dividing future payments of Social Security when such an agreement violates the statutory prohibition against transfer or assignment of future benefits.

■■■■■ Clearly, the import of the Act's antiassignment clause is to make social security nonmarital in property divisions. *Kluck,* 561 N.W.2d at 270. Because the Act preempts state law, the family court lacked subject matter jurisdiction to divide Husband's Social Security benefits in a property distribution. *See* S.C.Code Ann. § 20–7–473(5) ("[t]he court

does not have jurisdiction or authority to apportion nonmarital property."). Inasmuch as the family court did not have subject matter jurisdiction over Husband's Social Security benefits, it could not approve the settlement agreement dividing such benefits. *See Boulter v. Boulter,* 113 Nev. 74, 930 P.2d 112 (1997) (holding an agreement incorporated into a divorce decree purporting to require husband to pay one-half of his Social Security benefits to his former wife was invalid and neither the Nevada Supreme Court, nor the trial court could order its enforcement.); *Gentry,* 938 S.W.2d at 232 (finding agreement to divide social security benefits "amounts to a transfer or assignment of future benefits prohibited by Section 407 and therefore was invalid and unenforceable when signed"). It is axiomatic that an order entered by a court without subject matter jurisdiction is utterly void. *Coon v. Coon,* 356 S.C. 342, 347, 588 S.E.2d 624, 627 (Ct.App.2003), *aff'd as modified,* 364 S.C. 563, 614 S.E.2d 616 (2005). Moreover, a lack of subject matter jurisdiction may be raised at any time. *Hallums v. Bowens,* 318 S.C. 1, 3, 428 S.E.2d 894, 895 (Ct.App.1993). Additionally, a court lacking subject-matter jurisdiction cannot enforce its own decrees. *Id.*

In her petition for rehearing, Wife argues the holding in *Coon* is in conflict with our holding in this case. We disagree. In *Coon,* our supreme court held that the Uniformed Services Former Spouses' Protection Act (USFSPA), 10 U.S.C.A. § 1408 (1998) "expresses no intention on Congress's part to pre-empt state court jurisdiction," and that the extent of the family court's jurisdiction over military retirement benefits is a matter of South Carolina law. 364 S.C. at 568, 614 S.E.2d at 618. Unlike USFSPA, Congress has in the Social Security Act expressed its intent to pre-empt state court jurisdiction regarding Social Security benefits.

In *Hisquierdo,* the United States Supreme Court held that the Supremacy Clause precluded California's community property laws from overcoming the Federal Railroad Retirement Act. 439 U.S. at 582, 99 S.Ct. 802. The court equated railroad retirement benefits to Social Security benefits and concluded federal railroad retirement benefits were not subject to distribution in divorce. *Id.* Likewise, in *Philpott,* the United States Supreme Court held that the provisions of § 407 barring the use of "any legal process" to reach social security benefits

bars all claims, to include a claim of the state of New Jersey. 409 U.S. at 417, 93 S.Ct. 590.

In her petition for rehearing, Wife also argues *Price v. Price*, 325 S.C. 379, 480 S.E.2d 92 (Ct.App.1996) is identical to the case *sub judice*. We believe the cases are distinguishable. We note that *Price* concerned the division of military retirement benefits, which are not expressly exempt by statute from being classified as marital property for equitable division purposes. On the other hand, Social Security benefits are expressly excluded under §§ 407 and 659 of the Act from being classified as marital property.

Finally, Wife argues, and as the family court found, that § 407 was not implicated by the facts of this case because the case *sub judice* does not involve the transfer or assignment of Social Security benefits. The family court reasoned that "once [Husband] received his benefits, he is free to dispose of such funds as he deems fit" without the intervention of the Social Security Administration. This argument is without merit. Clearly, the divorce decree itself purports to divide Husband's Social Security benefits pursuant to the agreement of the parties. Moreover, the fact that Husband voluntarily agreed to pay Wife part of his Social Security benefits is of no significance. *See Gentry*, 938 S.W.2d at 233 (finding a property settlement agreement, which awarded wife one-half of her husband's future Social Security benefits as he received them, was unenforceable although voluntarily entered); *Boulter*, 930 P.2d at 114 (holding the Act's prohibition against transferring future benefits preempted state action approving an agreement between a husband and wife to split their future Social Security benefits equally); *See also Ellender v. Schweiker*, 575 F.Supp. 590 (S.D.N.Y.1983) (Congress's clear interpretation of prohibition against transfer or assignment of benefits compels strict interpretation of that clause to prohibit voluntary, as well as involuntary transfers or assignments).[4] By analogy

---

4. A 2003 amendment to 38 U.S.C. § 5301 dealing with veterans' benefits states: "This paragraph is intended to clarify that, in any case where a beneficiary entitled to compensation, pension, or dependency and indemnity compensation enters into an agreement with another person under which agreement such other person acquires for consideration the right to receive such benefits by payment of such compensation, pension, or dependency and indemnity compensation, as the case

our supreme court, in discussing the limitation on military retirement benefits under § 1408(e)(1), stated the "limitation applies whether the non-military spouse receives payments directly from the Department of Defense, from the service member spouse, or a combination of the two." *Coon,* 364 S.C. at 567, 614 S.E.2d at 617.

## CONCLUSION

Although we are sympathetic to Wife's claim, Social Security benefits simply cannot be divided in an equitable distribution award. Because Congress preempted the Social Security arena, state courts do not have subject-matter jurisdiction to mandate distribution of such benefits whether by agreement or otherwise. Therefore, the family court's denial of Husband's Rule 60(b)(4), SCRCP, motion is hereby

**REVERSED.**

HUFF and WILLIAMS, JJ., Concur.

may be ... such agreement shall be deemed to be an assignment and is prohibited."