764 S.E.2d 3

**Loretta KATZBURG, Respondent,**

v.

**Peter KATZBURG, Appellant.**

Appellate Case No. 2013–000171.

No. 5255.

Court of Appeals of South Carolina.

Heard May 8, 2014.

Decided July 30, 2014.

Rehearing Denied Sept. 18, 2014.

Gregory Samuel Forman, of Gregory S. Forman, PC, of Charleston, for Appellant.

Mark Thomas Rainsford, of Pierce, Herns, Sloan & Wilson, LLC, of Charleston, for Respondent.

CURETON, A.J.

Peter Katzburg (Husband) appeals family court orders holding him in contempt, refusing to consider evidence, and requiring him to pay Loretta Katzburg (Wife) $704,861.76 pursuant to a foreign judgment registered in South Carolina. Husband argues the family court: (1) lacked subject matter jurisdiction to enforce the foreign judgment; (2) denied him due process; (3) erred in holding him in contempt; and (4) erred in refusing to consider an affidavit in his motion to reconsider. Additionally, Husband argues to the extent this court reverses the family court order, the award of attorneys' fees should be reversed as well. We vacate the family court's orders.

■■■ "Subject matter jurisdiction refers to the court's 'power to hear and determine cases of the general class to which the proceedings in question belong.'" *Watson v. Watson*, 319 S.C. 92, 93, 460 S.E.2d 394, 395 (1995) (quoting *Dove v. Gold Kist, Inc.*, 314 S.C. 235, 442 S.E.2d 598 (1994)). "The jurisdiction of a court is determined by the sovereign creating it, and thus the question of the specific court in which an action is to be brought is determined in the first instance by reference to local law." *Peterson v. Peterson*, 333 S.C. 538, 548, 510 S.E.2d 426, 431 (Ct.App.1998) (quotation marks and citation omitted). "A 'court of competent jurisdiction' must be 'competent' not only under the law of its own sovereign, but also by virtue of subject matter jurisdiction under the law of the forum in which New York law is being applied." *Id.* (quoting *Barry E. v. Ingraham*, 43 N.Y.2d 87, 400 N.Y.S.2d 772, 371 N.E.2d 492 (1977)). "Although we may utilize the law of another state in deciding a case, we cannot use another state's law to confer subject matter jurisdiction upon a South Carolina court which, under the laws of this State, the court does not have." *Id.*

■■■ "A judgment of a court without subject matter jurisdiction is void and constitutes grounds for the court to vacate the judgment under Rule 60(b)(4)[, SCRCP]." *Gainey v. Gainey*, 382 S.C. 414, 424, 675 S.E.2d 792, 797 (Ct.App.2009). "A void judgment is one that, from its inception, is a complete nullity and is without legal effect...." *Id.* (quotation marks and citation omitted).

A court, lacking subject matter jurisdiction, cannot enforce its own decrees. It would serve no useful purposes to

determine issues submitted to the court since the jurisdiction as to subject matter can be raised at any time, and if the case were remanded to the family court, it would have no authority to carry out its previously ordered mandate. *Hallums v. Bowens*, 318 S.C. 1, 3, 428 S.E.2d 894, 895 (Ct.App.1993).

■■ "The family court is a statutory court created by the legislature and, therefore, is of limited jurisdiction. Its jurisdiction is limited to that expressly or by necessary implication conferred by statute." *State v. Graham*, 340 S.C. 352, 354, 532 S.E.2d 262, 263 (2000). Section 63–3–530(A)(1) and (2) of the South Carolina Code (2010) grants the family court the exclusive jurisdiction: "to hear and determine matters which come within the provisions of the" Uniform Interstate Family Support Act (UIFSA) and

> to hear and determine actions for divorce a vinculo matrimonii, separate support and maintenance, legal separation, and in other marital litigation between the parties, and for settlement of all legal and equitable rights of the parties in the actions in and to the real and personal property of the marriage and attorney's fees, if requested by either party in the pleadings.

South Carolina's Uniform Enforcement of Foreign Judgments Act (UEFJA) provides the mechanism for the filing and enforcement of foreign judgments in South Carolina. S.C.Code Ann. §§ 15–35–910 to –960 (2005 and Supp. 2013). The UEFJA generally permits the filing and enforcement of judgments, decrees, and orders of the courts of the United States or of other states to the extent mandated by the United States Constitution. *See* § 15–35–910(1). Once docketed in accordance with the UEFJA, a foreign judgment has the same effect and is subject to the same defenses as a judgment rendered in South Carolina and must be enforced or satisfied in like manner. *See* § 15–35–920(C). Excluded from the UEFJA are judgments subject to the UIFSA and the Uniform Child Custody Jurisdiction and Enforcement Act, each of which provides special procedures for foreign orders related to its subject matter. *See* §§ 15–35–910, 63–15–300 to –394, and 63–17–2900 to –3390.

■ In South Carolina, money judgments generally are enforced by way of writs of execution issued to the sheriff.

*See* S.C.Code Ann. § 15–35–180 (2005 and Supp. 2013) (providing that judgments requiring the payment of money or the delivery of real or personal property "may be enforced in those respects by execution as provided in this Title"); S.C.Code Ann. § 15–39–80 (2005) (setting forth the requirements for the contents of the execution, including that it be directed to the sheriff and intelligibly refer to the judgment by stating the court, the county in which the judgment roll or transcript is filed, and the amount of the judgment). When an otherwise money judgment requires the doing of an act other than the payment of money, it may be enforced by contempt upon refusal of judgment debtor to comply with the mandates of the judgment. *See* § 15–35–180. If a judgment is unsatisfied, the judgment creditor may institute supplementary proceedings in circuit court to discover assets. *See* S.C.Code Ann. § 15–39–310 (2005). In addition to their discovery functions, supplementary proceedings "furnish a means of reaching, in aid of the judgment, property beyond the reach of an ordinary execution, such as choses in action." *Lynn v. Int'l Bhd. of Firemen & Oilers,* 228 S.C. 357, 362, 90 S.E.2d 204, 206 (1955). The master-in-equity is considered a division of the circuit court and obtains jurisdiction through an order of reference from the circuit court. *See* S.C.Code Ann. § 14–11–15 (Supp. 2013); Rule 53(b), SCRCP.

> It should be borne in mind that the enforcement of an alimony decree in this State, as in other states, differs radically from the enforcement of an ordinary money judgment. In the latter case, subject to some exceptions ..., enforcement may be had by execution against property only, and not by attachment for contempt. But in the case of a decree for alimony a defaulting husband may be imprisoned if he fails to make payment in accordance with the terms of the decree.

*Johnson v. Johnson,* 196 S.C. 474, 478, 13 S.E.2d 593, 595 (1941). "We are unable to find any logical reason to distinguish money judgments which are enrolled ... as the result of an equitable distribution award from money judgments awarded in legal actions." *Casey v. Casey,* 311 S.C. 243, 245, 428 S.E.2d 714, 716 (1993).

Here, Husband and Wife married in September 1979 and divorced in July 2003. On July 14, 2003, after a thirty-four

day trial in a New York supreme court, Judge John C. Bivona issued a judgment of divorce (divorce decree). The divorce decree ordered, in pertinent part: (1) Husband pay Wife support and maintenance of $3,200 per month commencing October 1, 2001, and terminating September 30, 2005; (2) Husband pay Wife $662,770.50 for 50% equitable distribution of the marital assets; and (3) Husband transfer certain shares of stock to Wife.

During the divorce proceedings, Husband made several attempts to delay the divorce or avoid paying Wife. For example, Husband filed a competing divorce action in the State of Washington and a meritless bankruptcy petition in South Carolina. On March 3, 2008, after Husband failed to pay the full amounts owed to Wife under the divorce decree, Judge Bivona issued an additional judgment (2008 order), indicating Wife had received $504,539.36 from Husband, and requiring Husband pay Wife "the sum of $395,346.37 with interest thereon from May 25, 2005[, in the] amount of $98,747.24 for a total of 494,093.61." [1]

On October 6, 2008, a few months after Wife received the 2008 order, she registered it in South Carolina pursuant to the UEFJA and initiated an action in circuit court that resulted in supplemental proceedings in Berkeley County and Charleston County. After proceeding in circuit court for two years, on October 4, 2010, Wife sought to register the same New York orders in a South Carolina family court.[2] On April 20, 2012, Wife served Husband with an amended notice of hearing for supplemental proceedings before the Berkeley County master-in-equity scheduled for June 5, 2012. On June 15, 2012, Wife filed a Rule to Show Cause asking a South Carolina family court to find Husband in contempt for violating the registered court orders. Thereafter, the parties proceeded to a contempt hearing in family court and the family court held Husband in contempt for failing to comply with the New York orders.

---

1. The order indicates Wife sought it as a money judgment.

2. The family court appears to have incorporated the 2008 order into the divorce decree and registered both orders as a single, foreign divorce decree. However, only language from the 2008 order appears in the family court's order entitled "Order for Registration of Foreign Divorce Decree." The order does not indicate the statutory authority for its registration.

Although we are sympathetic to Wife's difficulties in securing money owed by Husband, in light of the fact that Wife filed the 2008 order as a money judgment pursuant to the UEFJA and proceeded in circuit court, we are constrained to vacate the family court's orders. While this action was originally brought in circuit court, Husband was ultimately held in contempt in family court after Wife again registered the same New York orders in family court in 2010. We think it is clear the family court did not oust the circuit court of subject matter jurisdiction and the jurisdiction of the family court did not extend to this money judgment. We therefore hold the family court's orders at issue are void for lack of subject matter jurisdiction.[3] *See Simmons v. Simmons,* 370 S.C. 109, 116, 634 S.E.2d 1, 4 (Ct.App.2006) ("It is axiomatic that an order entered by a court without subject matter jurisdiction is utterly void.").

Accordingly, the family court's orders are hereby

**VACATED.**

HUFF and THOMAS, JJ., concur.

---

**3.** Because we find the family court lacked subject matter jurisdiction over this case, we do not address Husband's remaining issues on appeal.