**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Ryan Powell, Appellant,

v.

Amy Boheler d/b/a York County Auditor, Beth Latham d/b/a York County Treasurer, and Robert Kiser d/b/a York County Delinquent Tax Collector, each in their individual and official capacities, Respondents.

Appellate Case No. 2014-002578

---

Appeal From York County
S. Jackson Kimball, III, Special Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-199
Submitted February 1, 2016 – Filed May 11, 2016

---

**AFFIRMED**

---

Ryan Powell, of Fort Mill, pro se.

Walter Keith Martens, of Hamilton Martens, LLC, of Rock Hill, for Respondents.

---

**PER CURIAM:** Ryan Powell argues the trial court erred in (1) dismissing his claim for lack of subject matter jurisdiction, (2) dismissing his tort claims as barred by the South Carolina Tort Claims Act, (3) dismissing his breach of contract claim,

and (4) prohibiting his mother from representing him and speaking on his behalf. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in dismissing Ryan Powell's claim for lack of subject matter jurisdiction:  *Simmons v. Simmons*, 370 S.C. 109, 113, 634 S.E.2d 1, 3 (Ct. App. 2006) ("Subject matter jurisdiction refers to the court's 'power to hear and determine cases of the general class to which the proceedings in question belong.'" (quoting *Watson v. Watson*, 319 S.C. 92, 93, 460 S.E.2d 394, 395 (1995))); S.C. Code Ann. § 12-60-80(A)-(B) (2014) (providing that except for a declaratory judgment action on the constitutionality of a statute, "there is no remedy other than those provided in this chapter in any case involving the illegal or wrongful collection of taxes, or attempt to collect taxes"); S.C. Code Ann. § 12-60-3390 (2014) (stating the circuit court shall dismiss without prejudice an action covered by this chapter); S.C. Code Ann. § 12-60-30(22) (2014) (defining "property taxpayer" as "a person who is liable for, or whose property or interest in property, is subject to, or liable for, a property tax").

2.  As to whether the trial court erred in dismissing his tort claims as barred by the South Carolina Tort Claims Act:  *Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6), [SCRCP,] an appellate court applies the same standard of review as the trial court."); *id.* ("That standard requires the [c]ourt to construe the complaint in a light most favorable to the nonmovant and determine if the 'facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case.'" (quoting *Williams v. Condon*, 347 S.C. 227, 233, 553 S.E.2d 496, 499 (Ct. App. 2001))); S.C. Code Ann. § 15-78-20(b) (2005) (stating the South Carolina Tort Claims Act "grants the State, its political subdivisions, and employees, while acting within the scope of official duty, immunity from liability and suit for any tort except as waived"); S.C. Code Ann. § 15-78-60(11) (2005) ("The governmental entity is not liable for a loss resulting from . . . assessment or collection of taxes or special assessments or enforcement of the tax laws . . . ."); S.C. Code Ann. § 15-78-30(d) (2005) (defining "governmental entity" to mean "the State and its political subdivisions"); S.C. Code Ann. § 15-78-30(c) (Supp. 2015) (defining employee as "any officer, employee, agent, or court appointed representative of the State or its political subdivisions").

3.  As to whether the trial court erred in dismissing Powell's breach of contract claim:  *Rydde*, 381 S.C. at 646, 675 S.E.2d at 433 ("On appeal from the dismissal

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

of a case pursuant to Rule 12(b)(6), [SCRCP,] an appellate court applies the same standard of review as the trial court."); *id.* ("That standard requires the [c]ourt to construe the complaint in a light most favorable to the nonmovant and determine if the 'facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case.'" (quoting *Williams*, 347 S.C. at 233, 553 S.E.2d at 499)).

4.  As to Powell's arguments that the trial court erred in prohibiting Powell's mother from arguing on his behalf and that the supreme court lacks the authority to require a person to obtain a license to practice law:  S.C. Code Ann. § 40-5-310 (2011) (stating a person is prohibited from practicing law or soliciting the legal cause of another person unless he or she is a member of the South Carolina Bar); *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) (stating an issue cannot be raised for the first time on appeal but must be raised to and ruled upon by the trial court to be preserved).

**AFFIRMED.**

**WILLIAMS, LOCKEMY, and MCDONALD, JJ., concur.**