743 S.E.2d 850

Angelo PENZA, Appellant,

v.

PENDLETON STATION, LLC, Diana L. Zellner, Trustee for the Diana L. Zellner Revocable Trust, Ursula Lesser, Roger Rowe, Benjamin L. Daniel, Sr., GrandSouth Bank, Enterprise Bank, Thomas M. Daniel, and Engineered Concrete Structures, Inc., Defendants,

Of whom Enterprise Bank is the Respondent.

Appellate Case No. 2012–205613.

No. 5124.

Court of Appeals of South Carolina.

Heard Dec. 10, 2012.

Decided May 1, 2013.

David Richard Price, Jr., of David R. Price, Jr., P.A., of Greenville, for Appellant.

W. Cliff Moore, III and Shaun C. Blake, both of Ellis Lawhorne & Sims, P.A., of Columbia; Thomas Elihue Dudley, III, and M. Stokely Holder, both of Kenison Dudley & Crawford, LLC, of Greenville, for Respondent.

KONDUROS, J.

Angelo Penza contends the master erred in granting partial summary judgment to Enterprise Bank (the Bank) because there was a question of fact as to whether his mortgage was intended to cover Tract A in addition to Tract B. He also argues the master's order essentially reformed the original mortgage, which was error because before an instrument may be reformed there must be a showing of mutual mistake. We reverse and remand.

## FACTS/PROCEDURAL HISTORY

Pendleton Station, LLC planned to develop three tracts of property in Pendleton, South Carolina: "Tract A," "Tract B," and the "2–Acre Tract." On August 4, 2004, Penza issued a check to the Cutchin[1] Law Firm Trust Account for $200,000. Pendleton Station executed a promissory note promising to pay Penza the principal and interest at the rate of twelve percent. A mortgage from Pendleton Station and Diana L. Zeller, Trustee for the Diana L. Zeller Revocable Trust, to Penza and other parties[2] secured the promissory note. The mortgage was dated August 4, 2004, and recorded in the Office of the Register of Deeds for Anderson County on October 24, 2004. The mortgage granted Penza a lien on real property described in the body of the mortgage as 31.31 acres shown as Tract B on a plat entitled Closing Survey for Coastal Plains Development Company, LLC, dated August 12, 2003, and citing TMS # 063–00–01–001 and 062–00–08–003. The document's pages were numbered one through five. However, the document filed had six pages. The sixth page was entitled Schedule A. Schedule A described 31.31 acres shown as Tract A also on the plat entitled Closing Survey for Coastal Plains

---

1. William J. Cutchin was Pendleton Station's attorney.

2. Several of these other parties never actually loaned Pendleton Station any money, and on May 27, 2007, Cutchin sent them a document for them to sign and return indicating their portion of the mortgage was satisfied.

Development Company, LLC, and referencing TMS # 063–00–01–001 and 062–00–08–003.

Zeller had obtained Tract B from Coastal Plains Development in a deed dated August 29, 2003. Coastal Plains Development conveyed Tract A to Pendleton Station on August 10, 2004, and the deed was recorded October 25, 2004.[3] Penza gave Pendleton Station two additional $250,000 checks, one on October 22, 2004, and the other on November 27, 2004.[4]

On October 25, 2005, Cutchin re-recorded the mortgage in the Office of Register of Deeds for Anderson County. This version of the mortgage did not include a Schedule A and contained the following language by Cutchin:

> When the attached mortgage was sent to be recorded, a "Schedule A" was accidentally and incorrectly attached which described a tract of land which was NOT subject to the mortgage. There was no reference to the "Schedule A" in the body of the mortgage, and it was a scribner's [sic] error that the "Schedule A" was originally recorded as the 6th page at Book 06429, Page 00306.

> The only tract of land under mortgage is that contained in the body of the mortgage. This re-recording of the mortgage now properly shows the land which is subject to the mortgage.

Penza was not notified of the re-recording. On the same day, Cutchin recorded a mortgage from Pendleton Station to the Bank securing Tract A in connection with a $3 million development loan. In February of 2006, Pendleton Station fully repaid Penza the $200,000 and interest.

Pendleton Station did not complete the development project and in March 2007, the Bank accepted a deed in lieu of foreclosure from Pendleton Station including Tract A. Zeller deeded her interest in Tract B to the Bank as well.

---

3. However, Cutchin testified in his deposition that Pendleton Station owned Tract A at the time the note and mortgage were executed to Penza.

4. Penza contends this was an additional loan, secured by the same property as the original mortgage. The Bank contends this was an investment in the LLC. The master denied the Bank's summary judgment motion as to this allegation of Penza's complaint. This matter is not before us on appeal.

On May 15, 2007, Penza filed a complaint seeking foreclosure of Tracts A and B pursuant to the mortgage. The Bank filed an answer dated July 25, 2007, denying Penza was entitled to foreclosure. On November 12, 2008, the Bank filed a motion for summary judgment, arguing there was no genuine issue of fact that Penza's mortgage does not secure any underlying debt and in the alternative, secures only Tract B and not A. Following a hearing, the circuit court denied the motion without prejudice. The Bank filed a second motion for summary judgment dated November 16, 2009, contending discovery had produced additional evidence of facts supporting the grounds for its first summary judgment motion. On November 22, 2010, the case was referred to a master-in-equity, including the second summary judgment motion.

Cutchin testified in his deposition that when he drafted the mortgage, he only intended for it to cover Tract B and the inclusion of Tract A was a mistake. Penza testified in his deposition he did not know what property the mortgage encompassed. The master held a hearing on the summary judgment motion on October 19, 2011, and issued an order granting partial summary judgment. The master found a genuine issue of material fact existed as to whether Penza's $500,000 was secured by the mortgage. However, the master found there was no issue of genuine material fact as to the real property encumbered by the mortgage. This appeal followed.

**STANDARD OF REVIEW**

The purpose of summary judgment is to expedite the disposition of cases not requiring the services of a fact finder. *George v. Fabri*, 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001). When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the trial court under Rule 56(c), SCRCP; summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002). In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party. *Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 404, 581 S.E.2d 161, 165 (2003). "Once the moving party carries its

initial burden, the opposing party must come forward with specific facts that show there is a genuine issue of fact remaining for trial." *Sides v. Greenville Hosp. Sys.*, 362 S.C. 250, 255, 607 S.E.2d 362, 364 (Ct.App.2004). "[A]ssertions as to liability must be more than mere bald allegations made by the non-moving party in order to create a genuine issue of material fact." *Jackson v. Bermuda Sands, Inc.*, 383 S.C. 11, 17, 677 S.E.2d 612, 616 (Ct.App.2009).

## LAW/ANALYSIS

### I. Partial Summary Judgment

■ Penza argues the master erred in granting the Bank partial summary judgment because there was a question of fact as to whether Penza's first mortgage was intended to encumber Tract A in addition to Tract B. We agree.

■ "[T]he interpretation of a deed is an equitable matter." *Eldridge v. City of Greenwood*, 331 S.C. 398, 416, 503 S.E.2d 191, 200 (Ct.App.1998). "The construction of a clear and unambiguous deed is a question of law for the court." *Hunt v. Forestry Comm'n*, 358 S.C. 564, 568, 595 S.E.2d 846, 848 (Ct.App.2004). "[T]he determination of whether language in a deed is ambiguous is a question of law. The language in a deed is ambiguous if it is reasonably susceptible to more than one interpretation." *Proctor v. Steedley*, 398 S.C. 561, 573 n. 8, 730 S.E.2d 357, 363 n. 8 (Ct.App.2012) (citation omitted).

■ "One of the first canons of construction of a deed is that the intention of the grantor must be ascertained and effectuated if no settled rule of law is contravened." *Bennett v. Investors Title Ins. Co.*, 370 S.C. 578, 590, 635 S.E.2d 649, 655 (Ct.App.2006) (internal quotation marks omitted). "[O]nce a contract or agreement is before the court for interpretation, the main concern of the court is to give effect to the intention of the parties." *Williams v. Teran, Inc.*, 266 S.C. 55, 59, 221 S.E.2d 526, 528 (1976). "Moreover, in ascertaining [the grantor's] intention, the deed must be construed as a whole and effect given to every part thereof, if such can be done consistently with law." *Bennett*, 370 S.C. at 590, 635 S.E.2d at 655. When a deed is unambiguous, any attempt to determine the grantor's intent when reserving the easement must be limited to the deed itself and using extrinsic evidence to contradict the

plain language of the deed is improper. *See Springob v. Farrar*, 334 S.C. 585, 590, 514 S.E.2d 135, 138 (Ct.App.1999). Only "[w]hen the agreement is ambiguous the court may take into consideration the circumstances surrounding its execution in determining the intent." *Williams*, 266 S.C. at 59, 221 S.E.2d at 528.

The master erred in partially granting the Bank's motion for summary judgment. The mortgage that was originally recorded and signed by Penza referenced both Tracts A and B. When the mortgage was re-recorded a year later, Penza was not contacted. Additionally, both Zellner and Pendleton Station signed the mortgage even though Tract B was solely owned by Zellner, while Tract A was owned by Coastal Plains Development and transferred to Pendleton Station six days after the execution of the mortgage. The mortgage also references the same two tax map numbers in reference to both Tract A and Tract B. Therefore, viewing the evidence in the light most favorable to Penza, a question of fact remains as to whether the mortgage encumbered Tract A in addition to Tract B. The master's order finding Cutchin's statement was "the most reliable evidence of what occurred" and that Penza's evidence provided to demonstrate the mortgage encompassed both tracts "is not convincing" indicates the master did more than look for the existence of evidence to demonstrate an issue of material fact and instead weighed the evidence. Accordingly, we find the master erred in granting the Bank partial summary judgment.

## II. Reformation of the Mortgage

Penza asserts the master's order essentially reforms Penza's first mortgage so it does not encumber Tract A. Penza maintains this was error because equity did not permit the master to do this without Penza's consent. Our decision that the master erred in granting summary judgment because there are issues of material fact is dispositive. Thus, we need not address this issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

### III. Additional Sustaining Ground

 The Bank contends we should affirm the master's decision because its having a right to rely on the re-recorded mortgage, which explicitly disclaims the mortgage encumbers or ever intended to encumber Tract A, is an additional sustaining ground. We disagree.

> [A] respondent ... may raise on appeal any additional reasons the appellate court should affirm the lower court's ruling, regardless of whether those reasons have been presented to or ruled on by the lower court. It would be inefficient and pointless to require a respondent to return to the judge and ask for a ruling on other arguments to preserve them for appellate review. It also could violate the principle that a court usually should refrain from deciding unnecessary questions.

*I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 419, 526 S.E.2d 716, 723 (2000). However, "an appellate court is less likely to rely on such a ground when the respondent has failed to present it to the lower court." *Id.* at 421, 526 S.E.2d at 724.

 "[A] mortgage that has been mistakenly satisfied may be reinstated only where there is no third party who, without notice of the mistake, subsequently and in good faith acquires an interest in the property." *First Palmetto Sav. Bank, F.S.B. v. Patel*, 344 S.C. 179, 184, 543 S.E.2d 241, 243 (Ct.App. 2001).

For us to affirm the partial grant of summary judgment on this basis would be inappropriate. While this may be a viable argument for the Bank, it did not raise it in its summary judgment motion. Because this case is at the summary judgment stage, it is improper for us to decide the case based on this when the facts are not fully developed. Accordingly, we decline to affirm the appeal on this basis.

### CONCLUSION

Because there is an issue of material fact as to whether the mortgage included Tract A, the master's partial grant of summary judgment is

**REVERSED AND REMANDED.**

SHORT and LOCKEMY, JJ., concur.