**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

McGuinn Construction Management, Inc., Appellant,

v.

Saul Espino and Mara Espino, Respondents.

And

Saul Espino and Mara Espino, Respondents,

v.

Gates Commons, LLC, S. Wade McGuinn, Individually, and Town of Lexington, Defendants,

Of whom Town of Lexington is the Appellant.

Appellate Case No. 2014-001519

Appeal From Lexington County
James W. Johnson, Jr., Circuit Court Judge
William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2016-UP-138
Heard February 1, 2016 – Filed March 23, 2016

**REVERSED AND REMANDED**

Andrew F. Lindemann, of Davidson & Lindemann, PA, of Columbia, for Appellant Town of Lexington; and S. Jahue Moore and John Calvin Bradley, Jr., both of Moore Taylor Law Firm, P.A., of West Columbia, for Appellant McGuinn Construction Management, Inc.

John S. Nichols and Blake Alexander Hewitt, both of Bluestein Nichols Thompson & Delgado, LLC, of Columbia; and Andrew A. Aun, of Aun & McKay, PA, of Irmo, for Respondents.

---

**PER CURIAM:** In this consolidated action, McGuinn Construction Management, Inc. (McGuinn) appeals the circuit court's grant of summary judgment in favor Saul and Mara Espino (the Espinos) as to the scope of a sewer easement on their property. Additionally, McGuinn appeals the grant of summary judgment to the Espinos as to McGuinn's claims against them for slander of title and tortious interference with contract. The Town of Lexington (the Town) also appeals the circuit court's ruling as to the scope of the easement. In particular, it appeals the circuit court's refusal to vacate the summary judgment order because the Town did not participate in the summary judgment hearing. We reverse and remand.

1.      Regarding the scope of the sewer easement on the Espinos property, we find the circuit erred in granting summary judgment. Summary judgment is a drastic remedy that should be cautiously invoked. *Bloom v. Ravoira*, 339 S.C. 417, 425, 529 S.E.2d 710, 714 (2000). "Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law." *Tupper v. Dorchester Cty.*, 326 S.C. 318, 325, 487 S.E.2d 187, 191 (1997). "Summary judgment should not be granted even when there is no dispute as to evidentiary facts if there is disagreement concerning the conclusion to be drawn from those facts." *Id.* "In construing a deed, the intention of the grantor must be ascertained and effectuated, unless that intention contravenes some well settled rule of law or public policy." *K & A Acquisition Grp, LLC v. Island Pointe, LLC*, 383 S.C. 563, 581, 682 S.E.2d 252, 262 (2009). "The intention of the grantor must be found within the four corners of the deed. When intention is not expressed accurately in the deed evidence *aliunde* may be admitted to supply or explain it. The instrument is not thereby varied or contradicted but is explained or corrected."

*Id.* (quoting *Gardner v. Mozingo*, 293 S.C. 23, 25, 358 S.E.2d 390, 392 (1987)). When a deed incorporates plans by reference, they should be read in conjunction with the deed itself. *See Fuller-Ahrens P'ship v. S.C. Dep't of Highways & Pub. Transp.*, 311 S.C. 177, 180, 427 S.E.2d 920, 922 (Ct. App. 1993) (stating when a deed incorporates highway plans by reference, those plans and the notations thereon must be read with the deed). "A grant of an easement is to be construed in accordance with the rules applied to deeds and other written instruments." *Binkley v. Rabon Creek Watershed Conservation Dist. of Fountain Inn*, 348 S.C. 58, 71, 558 S.E.2d 902, 909 (Ct. App. 2001). "Whether a contract is ambiguous must be determined from the entire contract and not from any isolated clause of the agreement." *Farr v. Duke Power Co.*, 265 S.C. 356, 362, 218 S.E.2d 431, 433 (1975). "A contract is ambiguous when the terms of the contract are reasonably susceptible of more than one interpretation. The uncertainty in interpretation can arise from the words of the instrument, or in the application of the words to the object they describe." *Pee Dee Stores, Inc. v. Doyle*, 381 S.C. 234, 242, 672 S.E.2d 799, 803 (Ct. App. 2009) (citations omitted).

> Ambiguities . . . are patent and latent; the distinction being that in the former case the uncertainty is one which arises upon the words of the will, deed, or other instrument as looked at in themselves, and before any attempt is made to apply them to the object which they describe, while in the latter case the uncertainty arises, not upon the words of the will, deed, or other instrument as looked at in themselves, but upon those words when applied to the object or subject which they describe.

*Hann v. Carolina Cas. Ins. Co.*, 252 S.C. 518, 524, 167 S.E.2d 420, 422 (1969).

> A contract is ambiguous when it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business.

*Hawkins v. Greenwood Dev. Corp.*, 328 S.C. 585, 592, 493 S.E.2d 875, 878 (Ct. App. 1997).

The deed at issue demonstrates Coventry Associates, Inc. conveyed to the Town an easement for the maintenance of sewer lines located on property of the grantor known as Coventry Lake Subdivision. The deed also specifically referenced "as-built" plans for further description of the easement. According to undisputed testimony and plats presented at the summary judgment hearing, the as-built plans show the sewer pipe at issue was an inactive spur line "to nowhere." The pipe was positioned to extend to land owned by Coventry Associates at the time of the conveyance and adjoining the Espinos' property. We conclude further inquiry into the facts surrounding the grant of the easement was necessary to determine the grantor's intent. Language in the deed, when applied to the object it describes, reveals a potential latent ambiguity rendering the grant of summary judgment as to the scope of the easement inappropriate in this case. Therefore we reverse and remand as to this issue.

2.      With respect to the grant of summary judgment in favor of the Espinos on McGuinn's claims for slander of title and tortious interference with contract, we also reverse and remand. "The appellate court may review respondent's additional reasons and, if convinced it is proper and fair to do so, rely on them or any other reason appearing in the record to affirm the lower court's judgment." *Jones v. Lott*, 387 S.C. 339, 347, 692 S.E.2d 900, 904 (2010). However, "an appellate court is less likely to rely on such a ground when the respondent has failed to present it to the lower court." *Penza v. Pendleton Station, LLC*, 404 S.C. 198, 206, 743 S.E.2d 850, 854 (Ct. App. 2013). When a case is at the summary judgment stage it is inappropriate for the appellate court to decide an issue when the facts and arguments are not fully developed. *See id.* (declining to affirm the grant of summary judgment on basis of additional sustaining ground when facts and arguments as to that issue had not been fully developed in the lower court).

The circuit court premised its rulings as to McGuinn's slander of title claim and tortious interference with contract claim on its conclusion regarding the scope of the sewer easement. Because we reverse and remand the scope of the easement issue, we also reverse and remand the grant of summary judgment on the slander of title and tortious interference with contract claims as any other sustaining grounds for these rulings were not fully developed in the circuit court.

3.      With respect to the Town's contention the circuit court erred in refusing to vacate the summary judgment order because the Town did not have an opportunity to be heard regarding the scope of the sewer easement, we decline to address the issue. Because the cases involving McGuinn and the Town have been

consolidated, and we remand the question of the scope of the easement, the Town will have an opportunity to be heard. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address appellant's remaining issues when its determination of a prior issue is dispositive).

**REVERSED and REMANDED.**

**HUFF, A.C.J., and KONDUROS and GEATHERS, JJ., concur.**