# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Vanessa Williams, Vanessa Williams as Conservator and Guardian of Sandra P. Perkins, and Vanessa Williams as Personal Representative of the Estate of Sandra P. Perkins, Respondent,

v.

Bradford Q. Jeffcoat, Jr. and Blue Heron Builders, LLC, Defendants,

Of whom Bradford Q. Jeffcoat, Jr. is the Appellant.

Appellate Case No. 2018-001464

---

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

---

Opinion No. 5834
Heard March 4, 2021 – Filed July 14, 2021

---

**AFFIRMED**

---

Jason Scott Luck, of Luck VI Ltd. Co. d/b/a Jason Scott Luck, Attorney at Law, of Bennettsville, for Appellant.

Timothy Alan Domin, of Charleston, and John Andrew Wenzel, of Caldwell Wenzel & Asthana, PC, of Foley, Alabama, both for Respondent.

---

**WILLIAMS, J.:** This is an appeal from an action for partition of real property brought on behalf of Sandra P. Perkins (Decedent) by Vanessa Williams

(Daughter) as conservator and guardian of Decedent and as the personal representative of Decedent's estate.  On appeal, Bradford Jeffcoat, Decedent's domestic partner of twenty years,[1] asserts the Alabama Probate Court lacked subject matter jurisdiction to appoint Daughter as the conservator and guardian for Decedent.  Jeffcoat additionally contends the master-in-equity erred in granting Daughter's motion for summary judgment and compelling the partition and sale of the property at issue.  We affirm.

## FACTS/PROCEDURAL HISTORY

On April 28, 2000, Jeffcoat purchased real property in Charleston, South Carolina.  On July 1, 2000, Jeffcoat conveyed a one-half interest in the property to Decedent in exchange for a mortgage in the amount of $43,550.  The deed stated Jeffcoat and Decedent held the property "jointly with right of survivorship, and not as tenants in common."  Decedent satisfied the mortgage in full in June 2015.

From 2000 to 2015, Decedent and Jeffcoat lived together on the property.  In 2009, Decedent began to suffer from advanced dementia, and her condition steadily declined.  In April 2015, Daughter, Decedent's only child, came to Charleston at Jeffcoat's request to help temporarily care for Decedent while Jeffcoat was at work.  Decedent had previously appointed Daughter as her durable power of attorney and health care power of attorney.  After assessing Decedent's condition, Daughter moved Decedent to Alabama, where Daughter resided, in June 2015.

Upon returning to Alabama, Daughter petitioned the Alabama Probate Court to become Decedent's conservator and guardian, and the probate court issued permanent letters of guardianship and conservatorship on September 15, 2015.[2]

In November 2015, Decedent's health began to rapidly decline. On the advice of counsel in Alabama and South Carolina, Daughter, in her capacity as Decedent's conservator, executed a deed transferring Decedent's one-half interest in the property to Daughter on November 16, 2015, to preserve Decedent's interest in the property.  Thereafter, Daughter filed a complaint in the circuit court seeking the partition and sale of the subject property, and the case was referred to the master.

---

[1] Jeffcoat and Decedent never married.

[2] The probate court previously issued temporary letters of guardianship over Decedent to Daughter on July 7, 2015, following Daughter's emergency petition for guardianship and conservatorship in which she asserted Decedent's health and mental state jeopardized her welfare and safety.

Jeffcoat timely filed answers and counterclaims. Decedent passed away on November 27, 2015.

Following Decedent's death, Daughter amended the pleadings to include her designation as the personal representative for Decedent's estate, and both Daughter and Jeffcoat filed motions for summary judgment. The master held a hearing on the motions and took the matter under advisement. On June 28, 2018, the master issued an order granting Daughter's motion for summary judgment and compelling the partition and sale of the property. This appeal followed.

## ISSUES ON APPEAL

I. Did the Alabama Probate Court have subject matter jurisdiction to appoint Daughter as guardian and conservator for Decedent?

II. Did the master err in granting Daughter's motion for summary judgment and compelling the partition and sale of the property?

## STANDARD OF REVIEW

"When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the" master pursuant to Rule 56, SCRCP. *Penza v. Pendleton Station, LLC*, 404 S.C. 198, 203, 743 S.E.2d 850, 852 (Ct. App. 2013). Summary judgment may be granted when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.* "In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party." *Id.* at 203, 743 S.E.2d at 852–53. "Thus, the appellate court reviews all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party." *Pee Dee Stores, Inc. v. Doyle*, 381 S.C. 234, 240, 672 S.E.2d 799, 802 (Ct. App. 2009).

## LAW/ANALYSIS

### I. Subject Matter Jurisdiction

Jeffcoat contends the master erred in granting Daughter's motion for summary judgment and compelling the partition and sale of the property because the Alabama Probate Court lacked subject matter jurisdiction to appoint Daughter as Decedent's guardian and conservator. We disagree.

Subject matter jurisdiction is a court's "power to hear and determine cases of the general class to which the proceedings in question belong." *Simmons v. Simmons*, 370 S.C. 109, 113–14, 634 S.E.2d 1, 3 (Ct. App. 2006) (quoting *Watson v. Watson*, 319 S.C. 92, 93, 460 S.E.2d 394, 395 (1995)).

"The Constitution provides that 'Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State.'" *V.L. v. E.L.*, 577 U.S. 404, 406 (2016) (per curiam) (quoting U.S. Const., Art. IV, § 1). "That Clause requires each State to recognize and give effect to valid judgments rendered by the courts of its sister States." *Id.* at 406–07.

> A State is not required, however, to afford full faith and credit to a judgment rendered by a court that did not have jurisdiction over the subject matter or the relevant parties. Consequently, before a court is bound by [a] judgment rendered in another State, it may inquire into the jurisdictional basis of the foreign court's decree. That jurisdictional inquiry, however, is a *limited* one. [I]f the judgment on its face appears to be a record of a court of general jurisdiction, such jurisdiction over the cause and the parties is to be *presumed* unless disproved by extrinsic evidence, or by the record itself.

*Id.* at 407 (alterations in original) (emphases added) (citations and quotation marks omitted).

The Alabama Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act (the Act)[3] provides Alabama courts with exclusive jurisdiction to appoint guardians or conservators for adults. *See* § 26-2B-202 ("This article provides *the exclusive jurisdictional basis* for a court of this state to appoint a guardian or issue a protective order for an adult." (emphasis added)). Under the Act, an Alabama court

> has jurisdiction to appoint a guardian or issue a protective order for a respondent if . . . on the date the petition is filed, [Alabama] is a significant-connection state and . . . the respondent has a home state, a petition for an

---

[3] Ala. Code §§ 26-2B-101 to -503 (West, Westlaw through Act 2021-118).

appointment or order is not pending in a court of th[e home] state or another significant-connection state and before the court makes the appointment or issues the order: (i) a petition for an appointment or order is not filed in the respondent's home state; (ii) an objection to the court's jurisdiction is not filed by a person required to be notified of the proceeding; and (iii) the court in this state concludes that it is an appropriate forum under the factors set forth in [s]ection 26-2B-206.

§ 26-2B-203(a)(2)(B). The Act provides a state is considered a significant-connection state if the "respondent has a significant connection other than mere physical presence and in which substantial evidence concerning the respondent is available." § 26-2B-201(a)(3). In determining whether a state is a significant-connection state, the court must consider:

(1) the location of the respondent's family and other persons required to be notified of the guardianship or protective proceeding;
(2) the length of time the respondent at any time was physically present in the state and the duration of any absence;
(3) the location of the respondent's property; and
(4) the extent to which the respondent has ties to the state such as voting registration, state or local tax return filing, vehicle registration, driver's license, social relationship, and receipt of services.

§ 26-2B-201(b).

Based on the foregoing, we find the Alabama Probate Court possessed subject matter jurisdiction to appoint Daughter as Decedent's guardian and conservator. The Act provides Alabama courts with exclusive jurisdiction to appoint conservators and guardians for adults. *See* § 26-2B-202 ("This article provides *the exclusive jurisdictional basis* for a court of this state to appoint a guardian or issue a protective order for an adult." (emphasis added)). Therefore, Alabama probate courts possess the "power to hear and determine cases of the general class to which the proceedings in question belong" if the requirements of section 26-2B-203 are met. *See Simmons*, 370 S.C. at 113, 634 S.E.2d at 3 (quoting *Watson*, 319 S.C. at 93, 460 S.E.2d at 395).

In making this determination, we must first assess Decedent's connection to Alabama. *See* § 26-2B-203(a)(1), (2) (providing that Alabama courts have jurisdiction to appoint a guardian for an adult if Alabama is the potential ward's home state or a significant-connection state). In her petitions for guardianship and conservatorship, Daughter never alleged that Alabama was Decedent's home state, instead asserting Alabama was a significant-connection state for Decedent. We agree. Daughter, who was Decedent's durable and health care power of attorney and only child, resided in Alabama. Additionally, Decedent possessed assets that were held in an account at a brokerage firm in Foley, Alabama. Therefore, we find Decedent had a significant connection to Alabama. *See* § 26-2B-201(b) (providing that when determining whether an individual has a significant connection to a state, the court must consider "(1) the location of the respondent's family and other persons required to be notified of the guardianship or protective proceeding; (2) the length of time the respondent at any time was physically present in the state and the duration of any absence; (3) the location of the respondent's property; and (4) the extent to which the respondent has ties to the state such as voting registration, state or local tax return filing, vehicle registration, driver's license, social relationship, and receipt of services").

Additionally, the record does not contain any evidence that when Daughter petitioned for appointment and while the petition was pending, a petition was simultaneously pending in South Carolina, Decedent's home state, or that objections to the Alabama court's jurisdiction were filed. *See* § 26-2B-203(a)(2)(B) (providing that before an Alabama court makes an appointment, it must determine that a petition for appointment has not been filed in the individual's home state or another significant-connection state and that no objections to the court's jurisdiction have been filed by a person who is required to receive notice of the proceeding). Although Jeffcoat contends he was an individual required to be notified of the appointment proceeding, this contention is without merit as Jeffcoat was not a spouse or relative of Decedent, did not serve as Decedent's power of attorney, and did not possess any other legal rights entitling him to notice of Decedent's welfare. *See* § 26-2B-208 ("If a petition for the appointment of a guardian or issuance of a protective order is brought in this state and this state was not the respondent's home state on the date the petition was filed, in addition to complying with the notice requirements of this state, notice of the petition must be given to those persons who would be entitled to notice of the petition if a proceeding were brought in the respondent's home state, if any."). Accordingly, we hold the Alabama Probate Court had subject matter jurisdiction to appoint Daughter as Decedent's conservator and guardian.

## II.    Summary Judgment[4]

Jeffcoat asserts the master erred in granting summary judgment to Daughter and compelling the partition and sale of the property because Daughter's conveyance of Decedent's one-half interest did not sever the joint tenancy and extinguish his right of survivorship.[5]  Specifically, Jeffcoat argues section 27-7-40 of the South Carolina Code (2007) does not allow for one cotenant to convey his or her undivided interest in the property to a third party.  As our jurisprudence has not addressed this inquiry specifically, this is a matter of first impression for this court.  However, our precedent on related issues sufficiently informs our determination.

In South Carolina, parties may establish a joint tenancy through either common law or statute.  Although South Carolina now construes deeds conveying a shared interest in property in favor of tenancies in common rather than joint tenancies, our jurisprudence still allows for the creation of common law joint tenancies.  *See Smith v. Cutler*, 366 S.C. 546, 550–51, 623 S.E.2d 644, 646–47 (2005) (differentiating common law joint tenancies with tenancies in common with a right of survivorship); *Estate of Sherman ex rel. Maddock v. Estate of Sherman ex rel. Snodgrass*, 359 S.C. 407, 410–11, 597 S.E.2d 850, 851 (Ct. App. 2004) (indicating this court recognizes common law joint tenancies); *see also* § 27-7-40(a) ("*In addition to any other methods for the creation of a joint tenancy in real estate which may exist by law*, whenever any deed of conveyance of real estate contains the names of the grantees followed by the words 'as joint tenants with rights of survivorship, and not as tenants in common' the creation of a joint tenancy with

---

[4] Jeffcoat additionally contends the master erred in granting summary judgment to Daughter because genuine issues of material fact existed rendering summary judgment improper.  However, in his motion for summary judgment, he asserted there were no issues of material fact.  Additionally, at the motions hearing, the master stated no issues of material fact existed and the relevant matter was solely one of law.  Jeffcoat neither objected to the master's assessment nor filed a Rule 59(e), SCRCP, motion to alter or amend the master's order.  Therefore, we decline to address this issue on appeal.  *See Miller v. Dillon*, 432 S.C. 197, 207, 851 S.E.2d 462, 468 (Ct. App. 2020) ("A party may not argue one ground at trial and an alternate ground on appeal." (quoting *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693–94 (2003))).

[5] The parties do not dispute that Jeffcoat and Decedent held a joint tenancy with a right of survivorship in the property.

rights of survivorship in the real estate is conclusively deemed to have been created." (emphasis added)).

Under the common law, a conveyance must possess the unities of interest, title, time, and possession to create a joint tenancy with a right of survivorship. *Snodgrass*, 359 S.C. at 410, 597 S.E.2d at 851. Possession of all four unities is essential to the existence of the joint tenancy; therefore, any act that destroys one of the four unities severs the joint tenancy and extinguishes the accompanying right of survivorship possessed by the cotenants. *See* 6 S.C. Jur. Cotenancies § 20. Thus, under the common law, a cotenant's conveyance of his or her interest in the property to a third party severs the joint tenancy resulting in a tenancy in common between the remaining cotenant and third party. *Id.*

Jeffcoat asserts section 27-7-40 prohibits common law severance of joint tenancies in South Carolina. It states:

> (a) In addition to any other methods for the creation of a joint tenancy in real estate which may exist by law, whenever any deed of conveyance of real estate contains the names of the grantees followed by the words "as joint tenants with rights of survivorship, and not as tenants in common" the creation of a joint tenancy with rights of survivorship in the real estate is conclusively deemed to have been created. This joint tenancy includes, and is limited to, the following incidents of ownership:

>> (i) In the event of the death of a joint tenant, and in the event only one other joint tenant in the joint tenancy survives, the entire interest of the deceased joint tenant in the real estate vests in the surviving joint tenant, who is vested with the entire interest in the real estate owned by the joint tenants.

>> (ii) In the event of the death of a joint tenant survived by more than one joint tenant in the real estate, the entire interest of the deceased joint tenant vests equally in the surviving joint tenants who continues to own the entire interest owned by them as joint tenants with right of survivorship.

(iii) The fee interest in real estate held in joint tenancy may not be encumbered by a joint tenant acting alone without the joinder of the other joint tenant or tenants in the encumbrance.

(iv) If all the joint tenants who own real estate held in joint tenancy join in an encumbrance, the interest in the real estate is effectively encumbered to a third party or parties.

(v) If real estate is owned by only two joint tenants, a conveyance by one joint tenant to the other joint tenant terminates the joint tenancy and conveys the fee in the real estate to the other joint tenant.

(vi) If real estate is owned by more than two joint tenants, a conveyance by one joint tenant to all the other joint tenants therein conveys his interest therein equally to the other joint tenants who continue to own the real estate as joint tenants with right of survivorship.

(vii) Any joint tenancy in real estate held by a husband and wife with no other joint tenants is severed upon the filing of an order or decree dissolving their marriage and vests the interest in both the parties as tenants in common, unless an order or decree of a court of competent jurisdiction otherwise provides.

(viii) The interest of any joint tenant in a joint tenancy in real estate sold or conveyed by a court of competent jurisdiction where otherwise permitted by law severs the joint tenancy, unless the order or decree of such court otherwise provides and vests title in the parties as tenants in common.

(ix) If real estate is owned by two or more joint tenants, a conveyance by all the joint tenants to themselves as tenants in common severs the joint tenancy and conveys the fee in the real estate to these individuals as tenants in common.

(b) The surviving joint tenant or tenants may, following the death of a joint tenant, file with the Register of Deeds of the county in which the real estate is located a certified copy of the certificate of death of the deceased joint tenant. The fee to be paid to the Register of Deeds for this filing is the same as the fee for the deed of conveyance. The Register of Deeds must index the certificate of death under the name of the deceased joint tenant in the grantor deed index of that office. The filing of the certificate of death is conclusive that the joint tenant is deceased and that the interest of the deceased joint tenant has vested by operation of law in the surviving joint tenant or tenants in the joint tenancy in real estate.

(c) Except as expressly provided herein, any joint tenancy severed pursuant to the terms of this section is and becomes a tenancy in common without rights of survivorship. Nothing contained in this section shall be construed to create the estate of tenancy by the entireties. Nothing contained in this section amends any statute relating to joint tenancy with rights of survivorship in personal property but affects only real estate. The provisions of this section must be liberally construed to carry out the intentions of the parties. This section supersedes any conflicting provisions of Section 62-2-804.

Prior to the enactment of this statute, parties solely in possession of a property had to make an intervening conveyance to a "strawman" to effectively create a joint tenancy between themselves and additional cotenants in the previously owned property. *See* John V. Orth, *The Perils of Joint Tenancies*, 44 Real Prop. Tr. & Est. L.J. 427, 431 (2009). Over the years, states have enacted statutes to allow for the creation of such joint tenancies without the need for an intervening transfer. *See*

*e.g.*, Cal. Civ. Code § 683 (West 2017); Colo. Rev. Stat. Ann. § 38-31-101 (West 2008); 765 Ill. Comp. Stat. Ann. § 1005/1b (West 2004). We find such was the purpose and intent behind section 27-7-40. *See Silva ex rel. Estate of Silva v. Allstate Prop. & Cas. Ins. Co.*, 424 S.C. 512, 517, 818 S.E.2d 753, 756 (2018) ("The cardinal rule of statutory interpretation is to ascertain the intent of the General Assembly."). Although the statute contains the limiting language "[t]his joint tenancy includes, and is limited to, the following incidents of ownership," we find this does not prohibit common law methods of severance but rather addresses the language below detailing a cotenant's rights in the property upon a cotenant's death and subsequent to any conveyances between the cotenants themselves. *See id.* ("The true guide to statutory construction is not the phraseology of an isolated section or provision, but the language of the statute as a whole considered in the light of its manifest purpose." (quoting *Jackson v. Charleston Cnty. Sch. Dist.*, 316 S.C. 177, 181, 447 S.E.2d 859, 861 (1994))). This interpretation is further strengthened when the statute is read as a whole. Moreover, our precedent supports this conclusion. *See Cutler*, 366 S.C. at 550, 623 S.E.2d at 647 ("[U]nlike a tenancy in common with a right of survivorship, a joint tenancy with a right of survivorship is capable of being defeated by the unilateral act of one joint tenant."); *id.* at 551, 623 S.E.2d at 647 ("[A] tenancy in common with a right of survivorship cannot be defeated by the act of one tenant absent the agreement of the other tenant."). Thus, we disagree with Jeffcoat's assertion that section 27-7-40 rendered the conveyance of Decedent's interest to Daughter void.

Accordingly, we hold the master properly found Daughter's conveyance of Decedent's one-half interest in the property to herself, in her capacity as Decedent's guardian and conservator, severed the joint tenancy between Decedent and Jeffcoat and extinguished Jeffcoat's right of survivorship. Therefore, Jeffcoat's rights to the property never vested as the conveyance to Daughter occurred prior to Decedent's passing. Thus, the master did not err in granting Daughter's motion for summary judgment and in compelling the partition and sale of the property. *See Penza*, 404 S.C. at 203, 743 S.E.2d at 852 (providing that summary judgment may be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law).[6]

---

[6] Before the master, Jeffcoat additionally asserted that even if the conveyance severed the joint tenancy, the conveyance was void because Alabama law prevented Daughter from making a conveyance of Decedent's property to herself. Jeffcoat raises this as a genuine issue of material fact in his appellant's brief, which is unpreserved for appellate review. He also fails to challenge on appeal the master's conclusion of law that the conveyance was proper. Therefore, this court is

**CONCLUSION**

Based on the foregoing, the master's order is

**AFFIRMED.**

**THOMAS and HILL, JJ., concur.**

---

precluded from addressing this issue. *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case.").